**Edith Bradford TOWSON et al., Appellants,**

v.

**TEXAS ELECTRIC SERVICE COMPANY,**
Appellee.

**No. 3827.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 4, 1963.

Rehearing Denied Nov. 1, 1963.

Nunn, Griggs & Beall, Charles Griggs, Sweetwater, Dell & Perry Barber, Colorado City, for appellants.

Mays, Leonard, Moore & Dickson, George Leonard, Jr., Sweetwater, for appellee.

WALTER, Justice.

Texas Electric Service Company filed condemnation proceedings complaining of

Edith Bradford Towson, individually and as independent co-executrix, joined pro forma by her husband, W. E. Towson; Giles Edward Bradford, Jr. and George Willis Bradford, individually and as independent co-executors of the will and estate of Hattie Maude Bradford, deceased, and as co-trustees of said will and estate. These defendants and the capacities in which they are sued is taken from the "Statement for Condemnation." Appellants have the following to say about service on these defendants: "Service was had on them as such and some time during the proceedings, the wording 'and as Co-Trustees of such Estate', was written in the papers, and such wording was typed in some of the later papers and in the judgment, but the citation served on each of the defendants did not contain such wording." The citations that were served on the defendants do not show that they were sued in their capacity as "Co-Trustees of such Estate."

On appeal from the Commissioners' award, the representatives of the deceased, as individuals, as independent executors and as "Co-Trustees" recovered judgment against the appellee for $1,400.00 and the appellee recovered an easement and right of way across their land. The representatives of the deceased filed a motion for a new trial which was overruled. They gave notice of appeal, but none was perfected.

In the trial of the case on its merits the parties entered into a stipulation. The representatives of the deceased, individually, as independent Co-executrix and Co-executors and as Co-trustees, through their attorney of record signed this stipulation. It recited that they owned 1235 acres of land and that the Texas Electric Service Company had acquired an easement on 14.35 acres of the land and that they had been unable to agree on the damages.

■ Rule 124 of Texas Rules of Civil Procedure provides that no judgment shall be entered against any defendant unless upon service, or acceptance or waiver of process or upon an appearance by the defendant.

Rule 7 provides that any party may appear and prosecute and defend his rights either in person or by attorney. It is true that the citation served on the representatives of the deceased did not recite the fact that they were being sued as Co-trustees. However, they voluntarily appeared in that capacity and prosecuted their claim for damages, recovered a judgment in that capacity, filed a motion for new trial and gave notice of appeal in that capacity. As Co-trustees they have not appealed from such judgment. We are compelled to hold under Rules 124 and 7 that the parties, thereby, made an appearance through their attorney of record as "Co-trustees".

Doris Starnes joined pro forma by her husband, B. Pete Starnes; Louise Bradford Boggess joined pro forma by her husband, William F. Boggess; Lillian Bradford Godfrey joined pro forma by her husband, Ross R. Godfrey; Jack C. Bradford; and Margaret Jean Guess joined pro forma by her husband, Frank I. Guess, devisees under the will of Hattie Maude Bradford, deceased, and beneficiaries of her trust estate, filed their plea of intervention, seeking to set aside the judgment on the grounds that it was void or voidable. Their plea was overruled and they have appealed from such order.

Mrs. Bradford provided in her will that the property involved herein was given to the three Co-trustees and their successors to hold and administer as a trust for her eight children for a period of not more than 10 years after her death. The trustees had the power, however, to terminate it sooner under certain conditions. The trustees had general investments and management powers which included the power to sell, lease or convey all or any part of the estate upon such terms as the trustees considered to be for the best interest of the trust. They had the power to execute any instrument necessary to the proper management of the trust. The will further provided that the enumeration of powers was not a limitation. It provided that "In addition to the above powers my trustees shall have all powers and rights

consistent with the foregoing and necessary to the successful management and control of said trust estate, whether expressly granted herein or not."

One of the Co-executors and trustees testified that the property involved herein was being administered under a trust established by his mother's will; that the trust has been in effect since December, 1958, and would continue for ten years thereafter, and that the trustees had the power to dispose of the property during the existence of the trust.

In their points of error, appellants contend the court erred in failing to declare the judgment void or voidable, because the devisees under Mrs. Bradford's will were not made parties and because the beneficiaries of the trust were not made parties.

 It is true that the trust instrument does not expressly grant to the trustees the authority to sue and be sued. However, when we consider the broad and unlimited powers given the trustees, we must find that it was her intention to authorize her sons and daughter named as Co-trustees to sue and be sued as trustees because this intention is reasonably manifested by the broad powers of the trust instrument.

There is no suggestion in this record that there was any conflict of interest between the beneficiaries and trustees. On the other hand their interest appears to be the same. Our Supreme Court in Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377 at page 382 said:

"It is further held that the beneficiary is not a necessary party when the intention to authorize the trustee to prosecute suits in his own name is reasonably manifested by the terms of the trust instrument. * * * It is said that 'in such cases, the trustee is in court for and in behalf of the beneficiaries; and they, though not parties, are bound by the judgment, unless it is impeached for fraud or collusion be-

tween him and the adverse party.' Kerrison v. Stewart, 93 U.S. 155, 160, 23 L.Ed. 843, 845."

Our Supreme Court in Mason v. Mason, Tex., 366 S.W.2d 552 at page 554 said:

"The doctrine of virtual representation is applicable to this case. Mrs. Mason as trustee with full power to manage, control, mortgage or sell any and all of the estate with the right to enjoy and receive all of the net income therefrom during her lifetime was empowered to defend this trust and to represent all interested parties. The fact that these three named minor beneficiaries were not made parties to this action does not render the judgment void and subject to collateral attack nor does it constitute fundamental error. Where a suit is brought to cancel a trust instrument the beneficiaries are considered to be adequately represented by the trustee if their interest be not in conflict. They are proper but not necessary and indispensable parties in such a case."

We find no merit in appellants' contention that the judgment is voidable because the evidence revealed that one of the attorneys for the appellee prepared and probated Mrs. Bradford's will. The evidence from the trustees disclosed that they notified one of appellee's attorneys that Texas Electric Service Company was making surveys on their property and asked him if he would represent them and the attorney said "he could not represent us, as he had been a counsel for the Texas Electric." Another one of the trustees testified when she said something to one of appellee's attorneys about representing them in this matter, the attorney said, "he didn't think he could take the case he didn't want us to discuss the case in any way at all with him."

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.