ARK. COAL CO. v. STEELE.

5-3203                                    375 S. W. 2d 673

Opinion delivered February 24, 1964.

*Dobbs, Pryor* and *Dobbs,* for appellant.

*Sam Sexton, Jr., Marvin Holman,* for appellee.

FRANK HOLT, Associate Justice. This is a Workmen's Compensation case in which the claimant-appellee, Bill Steele, seeks total and permanent disability benefits as a result of silicosis. The Referee denied the claim and the Full Commission found the claimant became disabled on January 3, 1961 and awarded compensation for total and permanent disability. The Commission's award was affirmed by the Circuit Court.

On appeal appellants, Arkansas Coal Company and Commercial Standard Insurance Company, first contend for reversal that "the Full Commission, sitting as a reviewing body, was without authority to pass upon the credibility of witnesses without having heard any witness, and consequently were without authority to reverse the findings of the Referee; that the Circuit Court was without authority to pass upon the credibility of witnesses." In other words, it is appellants' contention that the Full Commission is without authority to reverse the findings of the Referee where an appeal is presented to the Commission solely on the transcript of the record made before the Referee. We do not agree. The authority of the Commission to review an appeal from the findings and award made by the Referee is vested in the Commission by Ark. Stat. Ann. § 81-1323 (b) (Repl. 1960). In pertinent part this statute reads:

"* * * the full Commission shall review the evidence or, if deemed advisable, hear the parties, their representatives and witnesses, and shall make awards, together with its rulings of law,".

In the very recent case of *Potlatch Forests, Inc.,* v. *Smith,* 237 Ark. 468, 374 S. W. 2d 166, we rejected the very argument the appellants advance in the case at bar. In that case we said:

"\* \* \* It is pointed out that the referee, who originally tried this case, heard all of the witnesses in person, both for claimant and the company, and, on appeal, no additional testimony was presented to the Commission. Appellee states that the referee, therefore, '\* \* \* was the sole and exclusive judge of the weight of the evidence and the credibility of the witnesses. \* \* \* He was in position to take into consideration all the surrounding circumstances of each witness, and of particular importance, the manner and demeanor of each witness on the witness stand. \* \* \*' This contention must be rejected. As recently as October 21 of this year, we had occasion, in *Moss* v. *El Dorado Drilling Co.*, 237 Ark. 80, 371 S. W. 2d 582, to comment upon this contention stating, 'We take this occasion to point out that it is the duty of the Commission to make a finding according to a preponderance of the evidence, and not whether there is any substantial evidence to support the finding of the Referee.' " Citing cases.

The function and duty of the Circuit Court upon an appeal from the Full Commission is explicitly prescribed by Ark. Stat. Ann. § 81-1325 (b). It provides, *inter alia,* that:

"\* \* \* Upon the appeal to the circuit court no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the Commission, within its powers, shall be conclusive and binding upon said court. The court shall review only questions of law \* \* \*."

See, also, *J. L. Williams & Sons* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82.

The appellants next contend that the findings of the Referee "should be affirmed on the basis of the evidence and the finding of the Referee as to credibility." As we have said, the findings of the Referee are not binding upon the Commission and it is the duty of the Full Commission to consider the entire record and determine the merits of the claim upon the preponderance of the evidence.

Appellants next urge that appellee's claim was not filed within the time prescribed by law. We find no merit in this contention. The claimant's regular physician, Dr. Kolb, testified that he first became certain about claimant's condition on January 3 or 4, 1961 when he determined that appellee was not suffering from a suspected lung cancer but was suffering from silicosis, complicated by emphysema, and that his condition was severe, permanently disabling and progressive. Notice to the appellant, Arkansas Coal Company, was given February 2, 1961 and the claim was filed on March 22, 1961. Thus, it must be said that the claimant complied with the statutory requirements upon being definitely advised as to his condition.

Appellants contend, however, that the claimant had knowledge of his condition beginning in 1959 and should be barred from now asserting his claim. In *Hixson Coal Co.*, v. *Furstenberg, Adm'x*, 225 Ark. 568, 284 S. W. 2d 120, we said:

"In silicosis, the injury may occur many years before the disease becomes manifest, as the accumulated effects of the deleterious substance are of a slow, insidious nature."

In silicosis cases the statute commences to run at the time of disablement and not from the time the claimant learns that he is suffering from the disease and disablement does not occur until the employee is unable to work and earn his usual wages. *Quality Excelsior Coal Co.* v. *Smith*, 233 Ark. 67, 342 S. W. 2d 480. The appellant-employer and appellee stipulated in the case at bar that the appellee continued to work at his usual occupation until March 26, 1960. Thus, it is clear the claim is not barred by the statute of limitations. Ark. Stat. Ann. § 81-1318.

The appellants next argue that "aside from the matter of credibility of witnesses, there is not sufficient substantial evidence in the record to support the award in favor of the claimant." The appellant-employer was engaged in the strip mining of coal. The appellee was

employed as a driller for the appellant from 1944 until March 26, 1960 when appellant ceased operations. Appellee testified that for a period of seven hours a day, five days a week during his entire employment at times he worked in dust so heavy it was necessary to rinse his mouth before he could take a drink of water and sometimes it was impossible to see a man from a distance of ten feet. No safety devices, such as dust masks, were furnished. A geologist testified that the sandstone formations where appellee worked were composed of 95-98% silica. The testimony of appellee and the geologist was uncontradicted. Appellee's disablement was corroborated by his regular physician who testified that appellee was totally and permanently disabled by reason of silicosis, complicated by emphysema. A physician, on behalf of appellants, examined the claimant and according to his report appellee has "some pulmonary fibrosis and emphysema which is probably related to chronic silica inhalation" and he "would clinically estimate his [appellee's] disability at 40%, perhaps as high as 60%,".

It is a familiar rule that the findings of the Workmen's Compensation Commission are entitled to the same verity as a jury verdict and if there is any substantial evidence to support the Commission's finding it is the duty of the Circuit Court and this court to affirm. This is one of the strongest rules recognized in our compensation cases. *Reynolds Metals Co.,* v. *Robbins,* 231 Ark. 158, 328 S. W. 2d 489; *White* v. *First Electric Cooperative,* 230 Ark. 925, 327 S. W. 2d 720. It cannot be said in the case at bar that there is no substantial evidence to support the findings of the Full Commission.

Appellants argue that there is no evidence in the record to support the award of maximum compensation benefits to appellee. We cannot consider this contention when, as here, it is raised for the first time on appeal. According to the Full Commission, the appellants and appellee stipulated "that the claimant's average weekly wage was sufficient to entitle him to maximum Workman's Compensation benefits."

Affirmed.