592 P.2d 785

**Kurt C. LEE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Associated Grocers, Respondent Employer,**

**Associated Grocers c/o Fred S. James Co., Respondent Carrier.**

**No. 1 CA–IC 1993.**

Court of Appeals of Arizona, Division 1, Department C.

March 6, 1979.

Law Offices of Richard E. Taylor by Richard E. Taylor, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Ariz.

Shimmel, Hill, Bishop & Gruender, P. C. by J. Russell Skelton, Phoenix, for respondent employer and respondent carrier.

## OPINION

HAIRE, Judge.

The questions urged on this review of an award entered by the respondent Commission's hearing officer in a workmen's compensation proceeding have arisen because the injured workman sought and received unauthorized treatment from a physician other than the physician designated by the employer pursuant to A.R.S. § 23–1070.

Petitioner's employer, Associated Grocers, was self-insured and had complied with the requirements of A.R.S. § 23–1070, which allows a self-insured employer to make its own contractual arrangements for the provision of medical, surgical, and hospital benefits for injured employees. On June 12, 1977, petitioner's arm was injured while he was moving an empty pallet. On the following day he saw J. C. Pallares, M. D., the company physician. Dr. Pallares diagnosed the condition in petitioner's arm as tenosynovitis, and, after prescribing some medication, released him for immediate return to work.

Petitioner was dissatisfied with Dr. Pallares and decided to get another opinion. He, therefore, made an appointment to see Howard P. Aidem, M. D., who advised him to stay at home, rest his arm, and not return to work. Petitioner followed Dr. Aidem's advice and did not return to his employment until approximately seven weeks later.

The respondent employer accepted petitioner's claim as a work-related injury, but declined to pay compensation benefits for the time lost from work. Its refusal was based on Dr. Pallares' opinion that petitioner had been able to return to work immediately. Petitioner indicated his disagreement with the employer's action by filing a request for hearing to determine whether he should be compensated for the time he lost from work. He also requested that a subpoena be issued requiring the appearance of Dr. Aidem at the hearing.

When the hearing was held petitioner appeared on his own behalf and testified that he had not returned to work as Dr. Pallares suggested, but had instead followed Dr. Aidem's advice. He further stated that he had not returned to Dr. Pallares following his initial visit although an appointment had been scheduled for June 21, 1977. Dr. Aidem, who had been subpoenaed to appear, was unable to be present. At the close of the hearing the hearing officer decided not to hold a further hearing for the purpose of receiving Dr. Aidem's testimony. Instead, he made the following statement:

"[THE HEARING OFFICER]: That would appear to conclude the evidence in this matter. Dr. Aidum [sic] was subpoenaed but was unable to appear today. It does not appear it will be necessary to hear from him because it does appear that if he appeared his testimony would be that he did in fact see the applicant and did in fact advise him to be off work. Since we know that is what he will testify to there is little point in making him come to say that.

"That would appear to conclude the evidence and that being the case, the hearing is closed."

In the award that followed, the hearing officer recited Dr. Pallares' opinion and stated what Dr. Aidem's opinion would have been, and then made the following significant findings:

"7. The applicant did not apply for or obtain the permission of the Industrial Commission when he changed from Dr. Pallares to Dr. Aidem; under the applicable law the applicant may not recover the medical expenses incurred with Dr. Aidem; *under the circumstances, it would not be appropriate or consistent with the applicable legal principles cited to allow an applicant lost time benefits when he has been off from work on the advice of a physician to whom he changed without authorization.* (Emphasis added).

"8. Applicant has failed to prove, by reasonable preponderance of the evidence, that he should be awarded lost time benefits or the medical expenses of Dr. Aidem. The Hearing Officer concludes that by June 13, 1977 applicant was capable of returning to his regular work without wage loss; he incurred to no compensable lost time within the meaning of the Workmen's Compensation Act; he is entitled to the medical expense of Dr. Pallares, if there was any charge."

Petitioner attacks the award on two grounds. First, he argues that he was denied a fair hearing when the hearing officer failed to schedule another hearing to take the testimony of Dr. Aidem. Second, petitioner claims that the hearing officer improperly concluded that, on a policy basis, he should disregard Dr. Aidem's opinion. The respondent employer counters that the hearing officer simply resolved a conflict in the medical evidence against petitioner and adopted Dr. Pallares' opinion. From a reading of the entire decision it is apparent to us that the award is not based on a simple resolution of conflicting facts. Rather, finding seven compels the conclusion that the hearing officer's award was based on a legal decision that it would be inappropriate and inconsistent with applicable legal principles to award lost time benefits when the time was lost on the advice of a physician whose treatment of petitioner had not been authorized. Finding eight states the hearing officer's conclusion, but that finding is based on the reasoning expressed in finding seven. It is the reasoning in finding seven that is fatal to this award.

In *Arizona Public Service v. Industrial Commission,* 27 Ariz.App. 369, 555 P.2d 126 (1976), we held that where a self-insured employer has arranged for medical treatment in compliance with A.R.S. § 23–1070, an injured employee does not have an unrestricted right to choose his own physician. Where an employee in such cases obtains treatment from a physician of his own choice, without obtaining prior authorization, he cannot recover the costs of that treatment. The distinguishing factor between *Arizona Public Service* and this case is that here we are not concerned with the

payment of medical expenses incurred by petitioner as a result of his treatment by Dr. Aidem. Petitioner concedes that he is not entitled to have those medical bills paid. He is, however, at least entitled to have the question of compensation for time lost considered in its proper perspective.

 There are two distinct aspects to our scheme of workmen's compensation laws. First, an injured workman is normally entitled to have his medical, surgical, and hospital expenses paid during the period of his temporary disability. See A.R.S. § 23–1062 A. Second, he is also entitled to receive compensation benefits for his loss of earning capacity during this period. The rule enunciated in *Arizona Public Service v. Industrial Commission* eliminates medical benefits when the employee has failed to comply with the rules regarding medical treatment supplied by self-insuring employers. It does not prohibit an employee from receiving compensation benefits for time lost during the period of either total or partial disability. By failing to perceive this essential distinction, the hearing officer imposed overly broad consequences for petitioner's actions in seeking and following unauthorized medical advice.[1] If petitioner was disabled he was entitled to receive compensation benefits for time lost during that period even though he would not have been entitled to reimbursement for unauthorized medical treatment received by him during that disability.

For the foregoing reason, the award must be set aside, and we find it unnecessary to discuss petitioner's further contention that the failure of the hearing officer to continue the hearing in order to receive Dr. Aidem's testimony also constituted reversible error.

The award is set aside.

EUBANK, P. J., and FROEB, JJ., concur.

---

1. The employer does not claim or suggest that the petitioner's condition was aggravated or healing delayed by reason of the unauthorized medical treatment.