Lorene DEDMON, Employee *v.* DILLARD
DEPARTMENT STORES, INC., Employer, and
INSURISK INSURANCE SERVICE, Insurance Carrier

CA 81-203                     623 S.W. 2d 207

Court of Appeals of Arkansas
Opinion delivered October 28, 1981

*Philip M. Wilson* of *Haskins & Wilson,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

MELVIN MAYFIELD, Chief Judge. This is an appeal from the Workers' Compensation Commission which held appellant had not shown by a preponderance of the evidence that she sustained an accidental injury arising out of and in the course of her employment.

Appellant was employed as a maid by Dillard Department Stores, Inc., at its Park Plaza store in Little Rock. Her job was to clean and vacuum. She went to work April 11, 1980, and worked until April 21, 1980. On this last day her supervisor noticed she was limping and moving around slowly. He asked about her problems, was told she had a pain in a leg, and he gave her permission to leave work and go see a doctor. She saw one doctor who sent her to another doctor who hospitalized her and diagnosed a herniated disc.

The administrative law judge found for the appellant but the full commission, with one commissioner dissenting, found against her. The commission's opinion notes that appellant made no mention to her supervisor, or any other

Dillard employee, of an injury on the job until she was discharged from the hospital. The opinion also notes that the reports of both doctors state appellant did not initially mention an on-the-job injury to them and that their reports do not attribute her condition to such an injury.

The appellant contended that she hurt her back on two different occasions when she lifted and moved a heavy floor buffer to make a pathway for her cleaning cart. She said no detailed explanation was given her of what to do if she sustained an injury on the job and she was not aware of what should be done since she had only worked in private homes before. Besides, she testified, she needed the job and didn't want to say anything about the pain she was having until she found out she could not continue to work.

These explanations were presented to the commission and appellant's brief recognizes that on appeal this court does not decide the facts but determines only if there is substantial evidence to support the decision of the commission. Appellant, however, does make three arguments in this regard.

First, it is said that since the pivotal issue here is credibility and only the administrative law judge saw and observed the witnesses, it is his findings of fact which we should test by the substantial evidence rule. This is not the first time this argument has been made. In *Ark. Coal Co.* v. *Steele*, 237 Ark. 727, 375 S.W. 2d 673 (1964) the court rejected the argument relying upon two previous decisions and two sections of the Workers' Compensation Act. One section of the Act relied upon is now Ark. Stat. Ann. § 81-1325 (b) (Supp. 1981) and provides:

> Upon appeal to the Court of Appeals no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the Commission, within its power, shall be conclusive and binding upon said Court and shall be given the same force and effect as in cases heretofore decided by the Supreme Court of Arkansas, . . .

The other statutory section relied upon is now Ark. Stat. Ann. § 81-1323 (b) (Repl. 1976), the pertinent part of which provides that on appeal to the full commission it "shall review the evidence or, if deemed advisable, hear the parties, their representatives and witnesses, and shall make awards, . . ."

In relying upon the above sections the court in *Ark. Coal Co.* v. *Steele,* pointed out that it had said in *Moss* v. *El Dorado Drilling Co.,* 237 Ark. 80, 371 S.W. 2d 528 (1963) that "it is the duty of the Commission to make a finding according to a preponderance of the evidence and not whether there is any substantial evidence to support the finding of the referee." And the court in *Ark. Coal Co.* v. *Steele* also pointed out that in *Potlatch Forests, Inc.* v. *Smith,* 237 Ark. 468, 374 S.W. 2d 166 (1964) it had rejected the contention that where no additional testimony is presented to the commission the referee is the sole and exclusive judge of the evidence and credibility of the witnesses because he was in position to see and consider the manner and demeanor of each witness who testified.

Secondly, it is argued that the administrative law judge made a finding that the appellant was a credible witness but the full commission refused to accept her version of the facts without making a finding as to the credibility of any witness.

The first answer to that argument is that we have not been directed to any place in the record where the commission was asked to make a specific finding on credibility and we do not consider such issues raised for the first time on appeal. See *Ashcraft* v. *Quimby,* 2 Ark. App. 332, 621 S.W. 2d 230 (1981) and cases there cited. Also, it has been held that the findings of the referee are of no significance to the appellate court. *Lane Poultry Farms* v. *Wagoner,* 248 Ark. 661, 453 S.W. 2d 43 (1970). Moreover, the commission did make the specific finding that appellant "failed to prove by a preponderance of the evidence that she sustained an accidental injury arising out of and in the course of her employment." The evidence in regard to this finding is discussed in detail, the commission stated that it was aware of the administra-

tive law judge's finding as to appellant's credibility, and the basis upon which the commission found that her evidence failed to meet the required burden of proof is fully set out.

Finally, it is argued that the commission failed in its duty to follow a liberal approach, draw all reasonable inferences favorable to claimant and give her the benefit of any doubt. The commission's opinion states it has accorded claimant the "benefit of liberal construction to which she is entitled." In *Green* v. *Jacuzzi Brothers,* 269 Ark. 733, 600 S.W. 2d 448 (Ark. App. 1980) this court quoted from an Arkansas Supreme Court case as follows:

> The resolution of doubts and factual issues favorably to the claimant is a function of the commission, not of the courts, which must view and interpret the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the commission and give the testimony its strongest probative force in favor of the action of the commission, whether it favored the claimant or the employer.

Affirmed.

GLAZE, J., concurs.