Judy K. MARKHAM *v*. K-MART CORPORATION

CA 81-399                                    630 S.W. 2d 550

Court of Appeals of Arkansas
Opinion delivered March 31, 1982

*Blevins, Pierce & Stanley*, by: *James W. Stanley, Jr.*, for appellant.

*Wright, Lindsey & Jennings,* for appellee.

LAWSON CLONINGER, Judge. Appellant, Judy K. Markham, received a compensable back injury while employed by appellee, K-Mart Corporation, a self-insured employer, on July 10, 1979. Appellant was paid medical benefits, temporary total disability benefits for two weeks, and permanent partial disability benefits based upon a rating of 5% of the body as a whole.

After a hearing held on November 17, 1980, an administrative law judge found that appellant was entitled to neither additional medical expenses nor additional temporary total disability benefits, because "Claimant has failed to comply with the provisions of § 11 and Rule 21 of the Arkansas Workers' Compensation Law and is, therefore, precluded from a change in physicians and any periods of temporary total disability to run commensurate with such change."

At the time of the injury, § 11 of the Workers' Compensation Act, Ark. Stat. Ann. § 81-1311 (Supp. 1979) provided, in part:

> The Commission may order a change of physicians at the expense of the employer when, in its discretion, such change is deemed necessary or desirable. Upon notice of injury, the injured employee shall be furnished a copy of Commission Rule 21 and a copy of Section 11 of the Workers' Compensation Act. Subsequently, if the injured employee desires to change physicians pursuant to the rules, notice to this effect must be given to the employer.

Commission Rule 21 provides, in part:

> A claimant . . . may obtain a change in treating physicians to a physician of the claimant's choice, the cost of such treatment to be borne by the employer or the employer's insurance carrier provided (1) the claimant's healing period shall not have ended; (2) the claimant is not seeking to change physicians from one

of his own choice, previously selected by the claimant; (3) the physician to whom claimant wishes to change is qualified . . . ; (4) the claimant files with the Commission a petition for a change in physicians . . . ; (5) no unresolved issue exists over whether claimant is legally entitled to medical care at the expense of respondents.

On appeal to the Full Commission, Commissioner Tatum adopted the finding and ruling of the administrative law judge. Commissioner Rotenberry would not require appellee to pay for appellant's treatment by the unauthorized physician, but would not deny appellant's claim for additional temporary total disability benefits solely because the claim for medical expenses is being denied. Commissioner Rotenberry did find, however, that appellant had failed to prove by a preponderance of the evidence that the additional periods of temporary total disability were causally related to the compensable injury of July 10, 1979. Commissioner Clark dissented, holding that appellant was entitled to both additional medical expenses and temporary total disability benefits. Appellant now brings this appeal.

We find that the Commission erred as a matter of law in finding that appellant was entitled to neither additional medical expenses nor additional temporary total disability benefits because of claimant's failure to comply with the provisions of Rule 21 of the Arkansas Workers' Compensation Laws and Rules of the Commission. Since the commissioners did not agree on whether claimant proved by a preponderance of the evidence that she was entitled to additional periods of temporary total disability and to additional medical expenses, this case must be remanded to the Commission on that point. This issue of fact was not actually decided by the Commission, but rather was treated as a question of law and must be sent back to the Commission for a decision. See *Houston Contracting Company* v. *Young*, 267 Ark. 322, 590 S.W. 2d 653 (1979). Furthermore, the reports of an unauthorized doctor should be considered in determining the extent of disability of the claimant. See Larson, *Workmen's Compensation Law*, § 61.12 (j) (1981). See also *Lee* v. *Industrial Commission*, 592 Pac. 2d 785 (Ariz.

App. 1979); *Garland* v. *Anaconda Company,* 581 Pac. 2d 431 (Mont. 1978).

Appellant's other points for reversal are without merit. Appellant argues that her failure to comply with Rule 21 of the Workers' Compensation Commission's rules and regulations should be excused, since appellee failed to furnish a copy of the Commission's Rule 21 to appellant pursuant to Ark. Stat. Ann. § 81-1311. Suffice it to say that this point was not raised at the hearing before the Commission and cannot be raised for the first time on appeal. *Ashcraft* v. *Quimby,* 2 Ark. App. 332, 621 S.W. 2d 230 (1981).

Appellant further argues that the change of physician was reasonable and necessary under the circumstances and should have been authorized by the Commission. As was stated above, the Commission found that appellant did not comply with Rule 21 and therefore was not entitled to a change of physician. This court has recognized Commission Rule 21 in an earlier case and has upheld the Commission's enforcement and interpretation of its own rules. *Williams* v. *Arkansas Oak Flooring Company,* 267 Ark. 810, 590 S.W. 2d 328 (Ark. App. 1979).

This case is reversed and remanded to the Commission on the issue of whether claimant has failed to prove her case by a preponderance of the evidence regarding additional temporary total disability benefits and additional medical expenses. It is affirmed in all other respects.