REVERE COPPER AND BRASS, INC. *v.*
Thearman E. TALLEY, Jr., Employee

CA 82-232                                              647 S.W.2d 477

Court of Appeals of Arkansas
Opinion delivered March 2, 1983

*Pickens, Boyce, McLarty & Watson,* by: *James A. McLarty,* for appellant.

*Sam Boyce,* for appellee.

LAWSON CLONINGER, Judge. The sole issue on this appeal is whether the Arkansas Workers' Compensation Commission was in error in holding that appellant, Revere Copper and Brass, Inc., a self-insured employer, had controverted the impairment rating of 50% for a compensable injury to the hand of appellee, Thearman E. Talley, Jr. The Commission, upon finding that appellant had controverted the claim, awarded attorney's fees to appellee's attorney to be paid by appellant.

We hold that there is substantial evidence to support the decision of the Commission and we affirm.

Appellee suffered a compensable injury to his left hand on November 13, 1980, and returned to work at light duty one week later. The treating physician, Dr. Ramon E. Lopez, an orthopedic surgeon, in his final report, stated that appellee had some increased sensitivity of the fingers and some residual swelling, but gave appellee a final release on January 19, 1981 without any award of permanent disability.

On March 27, 1981, appellee was examined by Dr. Rex M. Easter, also an orthopedic surgeon, at the request of appellee's attorney. Dr. Easter found appellee entitled to a 50% permanent partial impairment to his hand. Dr. Easter clarified his evaluation in a letter dated April 14, 1981, and on April 15, 1981 appellant's attorney wrote a letter on behalf of appellant disclaiming responsibility for Dr. Easter's charges and declining recognition of Dr. Easter's rating. On May 7, 1981 appellant's attorney wrote a letter to Dr. Lopez stating that appellant intended to defend against appellee's claim and requested that Dr. Lopez attend a hearing on the matter and testify regarding his evaluation of appellee. The letter also stated that "If you feel the need of having a more recent examination of Mr. Talley before the hearing, please have your office schedule an appoint-

ment . . . " Dr. Lopez again examined appellee, and on June 24, 1981 reported to appellant's attorney that he agreed with the rating given to appellee by Dr. Easter. Thereafter, appellant concurred with the award of 50% impairment, and on July 8, 1981 tendered the first payment to appellee.

Whether the benefits have been controverted entitling a claimant to an attorney's fee is a question of fact. In *Aluminum Company of America* v. *Henning,* 260 Ark. 699, 543 S.W.2d 480 (1976), the court stated:

> A liberal construction favoring the claimant mandates a holding that the question whether a claim is controverted be one of fact to be determined from the circumstances of the particular case, only one of which is the status of the formal proceeding before the commission, and that, as in other such determinations, the commission's finding should not be reversed if there is substantial evidence to support it, or it is clear that there has been a gross abuse of discretion.

Making an employer liable for the attorney's fees of the employee served legitimate social purposes. It may discourage oppressive delay in recognition of liability, deter arbitrary or capricious denial of claims, and insure the ability of necessitous claimants to obtain adequate and competent legal representation. *Aluminum Company of America* v. *Henning, supra.* But the mere failure of an employer to pay compensation benefits does not amount to controversion, in and of itself, especially where the carrier accepts the injury as compensable and is attempting to determine the extent of the disability. *Horseshoe Bend Builders* v. *Sosa,* 259 Ark. 267, 532 S.W.2d 182 (1976). In the *Sosa* case, however, a finding of controversion was reversed by the Arkansas Supreme Court because it found that the difficulty arose in part because the claimant was difficult to find and keep up with.

In *Hamrick* v. *The Colson Company,* 271 Ark. 740, 610 S.W.2d 281 (1981), this court found substantial evidence to support the Commission's finding that a claim had not been controverted. The court made note of the fact that the

claimant had seen three doctors, including one of her own choice, who had never diagnosed her specific problem, and, therefore, had not recommended the surgery which was later deemed necessary. Colson had relied on this medical advice, and no additional or contrary medical evidence was provided by the claimant until some two months later when Colson received a report from Dr. Allen recommending surgery. Two days later, Colson requested a second medical opinion before surgery, and six days after the claimant's examination by the second physician, Colson acknowledged the claim to be compensable. This court stated:

> Colson's actions were prompt in its attempt to obtain another medical opinion upon which it could base a decision to either controvert or not controvert the medical expenses and disability payments to be incurred due to Dr. Allen's opinion. Colson assumed responsibility for Hamrick's medical expenses and surgery six days after Dr. Rosensweig examined Hamrick, confirming the extent of her injury. Again, the time and manner in which Colson acted was such that the Commission could find it to be reasonable.

In the instant case, we hold that appellant was not prompt in its attempt to obtain another medical opinion. On the day following Dr. Easter's clarifying letter, appellant's attorney wrote the letter repudiating Dr. Easter's rating, but then, unlike the employer in *Hamrick*, appellant did not promptly seek an early independent medical opinion to confirm or contradict Dr. Easter's rating; appellee wrote Dr. Lopez, clearly stating that appellee intended to defend the claim. Dr. Lopez was not asked to re-examine and re-evaluate appellee, but was asked to prepare himself for the hearing.

There was substantial evidence presented to the Commission to support a finding that the claim was controverted, and the Commission did not abuse its discretion in the award of attorney's fees.

The finding that appellee was entitled to an attorney's fee is not inconsistent with the Commission's failure to

order the payment of Dr. Easter's charges for the evaluation of appellee. Appellee did not comply with the provisions of Rule 21, Rules of the Arkansas Workers' Compensation Commission (in effect on the pertinent date), relating to a change of physicians at the expense of the employer, and he was thus required to bear the expense of Dr. Easter's evaluation, which he voluntarily did. Appellee's failure to comply with Rule 21, however, had no bearing on Dr. Easter's qualifications to be a witness. *Markham* v. *K-Mart Corporation,* 4 Ark. App. 310, 630 S.W.2d 550 (1982).

The decision of the Commission is affirmed.