## AMERICAN TRANSPORTATION CO. and ARGONAUT INSURANCE CO. *v.* Charles PAYNE

CA 83-239                        661 S.W.2d 418

Court of Appeals of Arkansas
Division II
Opinion delivered November 30, 1983

*Friday, Eldredge & Clark,* by: *Elizabeth J. Robben,* for appellants.

*Blevins, Pierce & Stanley,* by: *James W. Stanley, Jr.,* for appellee.

LAWSON CLONINGER, Judge. In this workers' compensation case, the claimant, Charles Payne, sustained a job-related injury to his lower back on April 28, 1981, while employed by respondent, American Transportation Company. Claimant was initially treated by Dr. Tom Beasley, a

physician selected by respondent. Dr. Beasley eventually referred appellant to Dr. Jerry L. Thomas, an orthopedic surgeon. Dr. Thomas treated claimant with conservative measures and released him to return to work on August 24, 1981, with a permanent partial disability rating of 5% to the body as a whole. After an October 2, 1981 examination, Dr. Beasley concurred in the disability rating set by Dr. Thomas and recommended that claimant return to work with some restrictions.

On October 14, 1981, claimant, on his own initiative, sought the services of Dr. Joe Lester. Dr. Lester performed a myelogram on claimant on January 5, 1982, and on January 11, 1982, Dr. Lester operated on claimant, removing a disc at the L5-S1 level. Dr. Lester rated claimant has having a disability of 12½% to the body as a whole.

At a hearing held on July 29, 1982, claimant requested a permanent partial disability of 12½%, a change of physicians to Dr. Lester, and rehabilitative services. The administrative law judge found that the change of physicians to Dr. Lester was unauthorized; that claimant had failed to prove by a preponderance of the evidence that rehabilitative services were necessary; and that claimant was entitled to a permanent partial disability rating of 12½% to the body as a whole. Claimant appealed the decision to the full Commission concerning the unauthorized change of physicians, and expressly stated that he was not appealing any other issue.

In an opinion dated May 19, 1983, the full Commission retroactively approved the claimant's unauthorized change of physicians and remanded the matter to the administrative law judge for a redetermination of the issues of permanent partial disability and rehabilitative services.

For reversal, respondents contend, first, that the Commission erred in retroactively approving the claimant's unauthorized change of physician. Respondents also contend that the Commission erred in reviewing decisions of the law judge relating to rehabilitative services and disability, issues not included in the claimant's appeal to the Commission.

We must reverse the decision of the Commission relating to authorization for change of physicians and affirm the action of the Commission relating to the hearing of issues not appealed.

While our courts have had numerous opportunities to interpret the change of physicians provision contained in the Arkansas Workers' Compensation Act, this is the first instance for this court to interpret the change of physicians provision, Ark. Stat. Ann. § 81-1311 (Supp. 1983), as amended by Act 290 of 1981.

Act 290 of 1981 was approved on March 3, 1981, and contains an emergency clause which provides that the provision of the Act would be effective after the date of its passage and approval. Accordingly, the 1981 amendment was in effect at the time of claimant's injury and is the applicable statute in this case.

The Commission based its decision on the case of *Caldwell* v. *Vestal*, 237 Ark. 142, 371 S.W.2d 836 (1963). In *Caldwell*, surgery was performed by an unauthorized physician and the Commission refused to charge the employer with the expenses of the operation. The Arkansas Supreme Court found that the surgery was necessary and was successful, and reversed the decision of the Commission. Ark. Stat. Ann. § 81-1311, *supra*, at that time, required an employer to provide prompt medical and surgical services as might be necessary for an injured employee during a period of six months after the injury and for such additional time as the Commission might require. That provision is unchanged in the present law, except that the six-month period limitation was deleted by a 1975 amendment.

In ruling that the Commission should have retroactively approved a change of physicians for Caldwell, the court stated:

> The appellees also rely heavily upon this sentence in our compensation act: 'The Commission may order a change of physicians at the expense of the employer when, in its discretion, such change is deemed neces-

sary or desirable.' Ark. Stat. Ann. § 81-1311 (Repl. 1960). We believe that this provision was inserted in the statute to anticipate any possible doubt about the power of the commission to order a change of physicians. It should not be regarded as establishing an exclusive method of procedure, for, as a practical matter, an injured employee ordinarily has no lawyer and is not in a position to apply to the commission for a change of physicians. To construe the statute as narrowly as the appellees would have us do would convert this provision from a remedial measure designed to help the workman into a punitive measure designed to hurt him.

Act 290 of 1981 amended Ark. Stat. Ann. § 81-1311 to provide, in pertinent parts, as follows:

If the employer selects a physician, the claimant may petition the Commission one time only for a change of physician, and if the Commission approves the change, with or without a hearing, the Commission shall determine the second physician and shall not be bound by recommendations of claimant or respondent. ... Treatment or services furnished or prescribed by any physician other than the ones selected according to the foregoing, except emergency treatment, shall be at the claimant's expense. After being notified of an injury, the employer or insurance carrier shall deliver to the employee, in person or by certified or registered mail, return receipt requested, copy of a notice, approved or prescribed by the Commission, which explains the employee's rights and responsibilities concerning change of physician. If after notice of injury the employee is not furnished a copy of the aforesaid notice, the change of physician rules do not apply. Any unauthorized medical expense incurred after the employee has received a copy of the aforesaid notice shall not be the responsibility of the employer.

Since the *Caldwell* decision, the change of physician provisions in Ark. Stat. Ann. § 81-1311 have been significantly changed by legislative amendment on two occa-

sions. While preserving the grant of discretionary power to the Commission, by Act 253 of 1979, the Legislature added the requirement that an injured employee be provided with a copy of Section 11 of the Workers' Compensation Act, Ark. Stat. Ann. § 81-1311, and a copy of Commission Rule 21, enacted in 1963, which together outlined the conditions under which a claimant would be entitled to a change of physicians. The 1979 amendment also required the claimant to file a petition with the Commission requesting a change of physicians.

This court has refused to approve an unauthorized change of physicians under Ark. Stat. Ann. § 81-1311 as amended in 1979, when the claimant has failed to comply with Rule 21. *Markham* v. *K-Mart Corporation,* 4 Ark. App. 310, 630 S.W.2d 550 (1982). Deviations from the procedures were permitted under narrow circumstances. Commission Rule 23 allows the Commission the discretion to deviate from a Commission rule when compliance is determined to be impossible or impracticable. Accordingly, when the conditions of Rule 23 had been met, this court on occasion excused noncompliance with Rule 21 and approved a change of physicians. *Mad Butcher, Inc.* v. *Parker,* 4 Ark. App. 124, 628 S.W.2d 582 (1982).

Act 290 of 1981 deleted the provision in § 81-1311 giving the Commission discretion to order a change of physicians when it was deemed necessary or desirable, and the statute set out a detailed procedure to be followed when an employee desires a change of physicians. Because the latter provision and Rule 21 were in conflict, Rule 21 was effectively repealed. Under the present law, the Commission no longer has the broad discretion to retroactively approve change of physicians.

The evidence indicates that the respondent fully complied with § 81-1311, as amended by Act 290 of 1981, by providing the claimant with medical care immediately following his injury and by sending him Commission form A-29, which sets out the requirements for a change of physician. The evidence also indicates that there was no medical emergency situation, inasmuch as Dr. Lester

initially treated the claimant conservatively and did not perform the myelogram and surgery until some three months after he first examined the claimant. At no time prior to the hearing on July 29, 1982, did the claimant request that the Commission approve a change of physicians. Ark. Stat. Ann. § 81-1311, as amended, clearly provides that treatment or services furnished by any physician other than the one selected according to the outlined procedures, except emergency treatment, shall be at the claimant's expense. The claimant has simply failed to comply with the clear intent of the statute, and the expense of Dr. Lester's services is not the responsibility of the respondent.

The respondent's second point for reversal is that the Commission erred in reviewing the decision of the administrative law judge relating to rehabilitative services and permanent partial disability because the claimant had expressly waived a review of those issues in his notice of appeal. The respondent bases this argument on Commission Rule 25 which relates to the scope of review on appeal to the Commission. Rule 25 provides as follows:

(a) Parties appealing or cross-appealing to Full Commission from an order or award of an Administrative Law Judge or a single Commissioner shall specify in the notice of appeal or cross-appeal all issues to be presented.

(b) All legal and factual issues should be developed at the hearing before the Administrative Law Judge or single commissioner. The Commission may refuse to consider issues not raised below.

Rule 25 does not preclude the Commission from reviewing issues not appealed from or not raised at the administrative law judge level if it so chooses. There is no indication that the Commission has failed to apply Rule 25 impartially, or that this respondent has been prejudiced. The respondent registered no objection to the Commission's consideration of the issues of rehabilitation and permanent partial disability, and the Commission expressed no opinion on the merits of the claimant's position. The administra-

tive law judge was merely requested to determine if claimant was entitled to rehabilitative benefits and to take wage loss factors and physical impairment into consideration in redetermining claimant's award for permanent partial disability.

Affirmed in part and reversed in part.

MAYFIELD, C.J., concurs.

CORBIN, J., agrees.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the results reached by the majority but think it might be beneficial to discuss more fully the appellant's contention that the Commission erred in reviewing the administrative law judge's decision relating to rehabilitation and disability when the claimant's notice of appeal had expressly waived review of those issues.

In the first place, Ark. Stat. Ann. § 81-1323 (b) (Repl. 1976) contains these provisions:

> If an application for review is filed in the office of the Commission within thirty (30) days from the date of the receipt of the award, the full Commission shall review the evidence, or if deemed advisable, hear the parties, their representatives and witnesses, and shall make awards, together with its rulings of law . . . .

Almost twenty years ago, the Arkansas Supreme Court held those provisions to mean that it was the duty of the Commission to make a finding according to a preponderance of the evidence and not whether there was substantial evidence to support the referee's decision. *Ark. Coal Co. v. Steele*, 237 Ark. 727, 375 S.W.2d 673 (1964). In recent years this court has reaffirmed that holding. *Dedmon v. Dillard Dept. Stores*, 3 Ark. App. 108, 623 S.W.2d 207 (1981); *Roberts v. Leo Levi Hospital*, 8 Ark. App. 184, 649 S.W.2d 402 (1983). That de novo review is obviously incongruous with the contention that the Commission's review is limited to the issues set out in the request for review.

It is, of course, within the Commission's statutory authority to make rules and regulations to administer the act and process the claims filed for compensation. *See* Ark. Stat. Ann. §§ 81-1342 (f) and 81-1343 (9) (Repl. 1976). The Commission's Rule 25 (a) provides that parties appealing from the decision of an administrative law judge shall specify in the notice of appeal, or cross-appeal, all issues to be presented, but this does not negate the Commission's statutory authority of review. Moreover, any reasonable construction or interpretation given its rules by the Commission is entitled to great weight upon judicial review and some relaxation of them, in the Commission's discretion, is permissible. *Mohawk Rubber Co.* v. *Buford,* 259 Ark. 614, 535 S.W.2d 819 (1976).

It should be remembered that parties cannot make a binding lump-sum settlement unless the Commission finds it is in the claimant's best interest, Ark. Stat. Ann. § 81-1319 (k) (Supp. 1983); and no employee can make a valid agreement to waive his right to compensation, Ark. Stat. Ann. § 81-1320 (a) (Supp. 1983).

Considering the purpose of the Workers' Compensation Act and the scope and authority it gives the Commission to accomplish that purpose, I think the Commission clearly had the discretion to remand this matter to the law judge for further proceedings in regard to the issues of rehabilitation and disability.