Windell STEPHENS *v.* ST. VINCENT INFIRMARY

CA 85-1                                        691 S.W.2d 190

Court of Appeals of Arkansas
En Banc
Opinion delivered June 19, 1985

*Gary Eubanks & Associates*, by: *James Gerard Schulze*, for appellant.

*House, Wallace, Nelson & Jewell, P.A.*, by: *Scotty Shively* and *W. Michael Reif*, for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case the sole issue is whether the appellant selected as his treating physician, within the meaning of Ark. Stat. Ann., Section 81-1311 (Supp. 1983), the doctors staffing the appellee's emergency room. The administrative law judge held that the appellant's visits to the appellee's emergency room were for emergency medical treatment and that the appellant subsequently made his first selection of a treating physician, a chiropractor, Dr. Konarski. The Commission reversed, holding that the treatment by the chiropractor was not the responsibility of the appellee, because the appellant had failed to follow the statutory procedures for a change of physician. From that decision, comes this appeal.

The appellant was an employee of St. Vincent Infirmary, the appellee. He was injured on September 14, 1982 when he fell while walking down a wet stairwell. He sought treatment in the appellee's emergency room two days later. Approximately one week later he again sought treatment in the emergency room. The charges (if there were any) for the emergency room treatment are not at issue in the case at bar. The emergency room physician's notes indicate that the appellant might need to be examined by a

neurosurgeon because his complaints on his second visit emphasized severe headaches.

On January 13, 1983 the appellant consulted Dr. Konarski, a chiropractor, and she treated him until April, 1983, when she referred him to Dr. Ronald Williams, a neurosurgeon, who in turn referred him to Dr. Leonard, a rheumatologist. The appellee paid for the services rendered by Drs. Williams and Leonard without objection. Dr. Konarski's bills were sent to Blue Cross-Blue Shield, and were not timely delivered to the appellee. When they were finally submitted, the appellee refused to pay, contending that Dr. Konarski's treatment was unauthorized.

An employee of the appellee, Brenda CarlLee, testified that she authorized the payment of bills submitted by Drs. Williams and Leonard because of the notation on the emergency room files that consultation with a neurosurgeon might be necessary. She testified that Dr. Konarski's bill arrived approximately April 15, 1983. She said that someone in the appellant's attorney's office called her and advised that they wanted the appellant to see a specialist, and Dr. Barry Thompson's name was mentioned. Ms. CarlLee informed the caller that she would make a decision about that later. Next, she testified that she received a report from Dr. Konarski, recommending that the appellant see Dr. Ron Williams. Ms. CarlLee wrote the appellant's attorney advising that her company agreed "to pay for Dr. William's treatment as long as you agree that this is his choice of physician". (Appellee's exhibit 9).

The Commission decided this case on a finding that the services rendered by Dr. Konarski resulted from a change of physicians, which is governed by Ark. Stat. Ann., Section 81-1311 (Supp. 1983). The Commission decided that since the appellant had failed to follow the statutory requirements for a change of physician, the appellee was not liable for Dr. Konarski's charges. The only basis for such a decision was either that the appellee/employer had already furnished a physician (the emergency room physicians) or, in the alternative, that the appellant selected the emergency room as his treating physician. Since the appellee has never claimed, either before the Commission or on appeal to this Court, that it furnished the physician, the obvious basis for the appellee's position, and the Commission's decision, is

that the appellant selected the emergency room as his treating physician.

The appellant contends on appeal that the emergency room physicians were not physicians of his choice, in the sense that the Workers' Compensation Act contemplates. He contends that the treatment received in the appellee's emergency room was emergency treatment, and that Dr. Konarski was his first chosen physician. Therefore, says the appellant, the appellee is liable for Dr. Konarski's charges because the employer is liable, under Ark. Stat. Ann., Section 81-1311 (Supp. 1983), for reasonable and necessary medical treatment rendered by a physician first chosen by the injured worker. The appellee responds, contending that the appellant initially selected the emergency room as his treating physician or treating clinic, and therefore the selection of Dr. Konarski was a change of physicians rather than an initial selection.

We agree with the appellant, and reverse. The central issue is whether the Commission correctly decided that, by words or conduct, the appellant selected the doctors staffing the appellee's emergency room as his treating physicians. The record before us does not contain substantial evidence to support such a finding. The appellant sought treatment in the emergency room for the September, 1982 injury on two occasions shortly after his fall, and then again some seven months later. After the first two visits, he chose a treating physician, Dr. Konarski, and he has continued in her care, and that of doctors to whom she has referred him, since that date. We hold that the statute involved, Ark. Stat. Ann., Section 81-1311 (Supp. 1983), contemplates an actual selection of a treating physician rather than the occasional use of emergency room facilities whether for emergency or non-emergency treatment. (We note that the question of whether the employer would be liable for non-emergency treatment in an emergency room is not an issue in the case at bar, nor was the issue of what constitutes an "emergency" decided by the Commission).

It seems clear that the appellee initially took the position that the appellant had not selected a physician by going to the emergency room, at least as of the date of Ms. CarlLee's letter to the appellant's attorney. She agreed to pay Dr. Williams, to whom the appellant had been referred by Dr. Konarski, as long as

it was understood that Dr. Williams was the appellant's choice. There is no evidence in the record to indicate that anyone considered the referral to Dr. Williams as a change of physicians from the emergency room.

■ The appellee argues that the appellant used the emergency room as a family clinic, and it emphasizes that the appellant testified that he did not have a family doctor. How the appellant used the emergency room on other occasions is irrelevant to a determination of whether, as to this work-related injury, he selected the emergency room as his treating physician. Likewise, his third visit to the emergency room, some seven months after the September, 1982 injury, and several months after Dr. Konarski began treating him, is irrelevant to a determination of whether he initially selected the emergency room as his treating physician, although the employer surely would not have been liable to pay for that visit, unless it was for emergency treatment.

■■ On appeal, we are required to affirm the Commission's decision if it is supported by substantial evidence. Ark. Stat. Ann., Section 81-1325 (Supp. 1983). However, if we are convinced that fair-minded persons, with the same evidence before them, could not have reached the conclusion arrived at by the Commission, we must reverse. *Office of Emergency Services* v. *Home Ins. Co.*, 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980). We are convinced that there is not substantial evidence to support the Commission's decision that the appellant selected the emergency room physicians as his treating physicians. Since we reach that conclusion, it is clear that the statutory requirements for changing physicians are inapplicable. We reverse the Commission's decision that the appellee is not responsible for Dr. Konarski's charges, and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

CORBIN and GLAZE, JJ., dissent.

DONALD L. CORBIN, Judge, dissenting. I respectfully dissent. In the instant case appellant testified that he was injured on September 14, 1982, and did not seek medical attention until

September 16, 1982, when he visited appellee's emergency room. This was a full two days after his injury. Although the question of what constitutes an emergency was not addressed by the Commission, it is difficult for this writer to view this as emergency treatment. *See, American Transportation Co. v. Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983). It was a choice freely exercised by appellant in selecting from numerous physicians available in this county all of whom are listed in the yellow pages of the local telephone directory as well as a choice of at least five emergency rooms of local hospitals. Appellant's action in returning to appellee's emergency room on September 21, 1982, and again on March 15, 1983, for additional treatment of his injury lends further support to the position that appellant had in fact selected the emergency room as his treating physician. In any event, it is not controlling whether appellee or appellant had made the initial selection of the emergency room as appellant's treating physician as appellant would still be required under Ark. Stat. Ann. § 81-1311 (Supp. 1983), to petition the Commission for a change of physicians.

The record reflects that appellant and his attorney were at least apprehensive as to whether appellant had previously selected a physician as evidenced by their filing a change of physicians request to Dr. Ronald Williams. Finally, and what I believe drives the nail into the coffin, appellant testified as follows: "Anytime I'm injured or if I have to have any medical attention, you know, I do go to the emergency room, because I don't have a family doctor." Appellant apparently considered and utilized the emergency room as his usual and customary choice for health care.

I fail to see any "emergency" when appellant waited two days from the date of the injury to go to appellee's emergency room and then waited an additional five days to return to the emergency room for further treatment. The only emergency I can perceive from the facts in the case at bar is in the designation of "emergency" in the term emergency room.

I would affirm the Commission's decision that the services rendered by Dr. Konarski resulted from a change of physicians and that since appellant failed to follow the statutory requirements for a change of physicians, appellee was not liable for Dr.

Konarski's charges.

GLAZE, J., joins in this dissent.