EMERSON ELECTRIC COMPANY *v.*
Frank WHITE

77-295                                  557 S.W. 2d 189

Opinion delivered November 7, 1977
(Division I)

*Cathey, Godwin & Hamilton,* for appellant.

*Frierson, Walker, Snellgrove & Laser,* for appellee.

GEORGE ROSE SMITH, Justice. The workmen's compensation commission (1) approved, retroactively, the claimant

White's request that he be permitted to change physicians and (2) found that White's total temporary disability had commenced on April 1, 1975. The circuit court upheld the commission. The self-insured employer questions both the commission's findings.

On the first point, the statute provides that the commission may order a change of physicians when, "in its discretion," such change is deemed "necessary or desirable." Ark. Stat. Ann. § 81-1311 (Repl. 1976). We have recognized the commission's discretionary authority to approve such changes retroactively with respect to the employer's liability for fees and expenses incurred after the change. *Southwestern Bell Tel. Co. v. Brown,* 256 Ark. 54, 505 S.W. 2d 207 (1974); *Caldwell v. Vestal,* 237 Ark. 142, 371 S.W. 2d 836 (1963). In *Southwestern Bell,* as here, the claimant's petition for a change of physicians had not actually been approved when additional medical expenses were incurred by the claimant. We agreed with the referee's observation that a claimant cannot be expected merely to wait patiently for relief from his symptoms while the wheels of justice turn.

Here the claimant, through his attorney, first suggested the need for a change of physicians in August of 1974. A hearing on that request was finally held on September 16, 1975. The administrative law judge's approval of the requested change, by reason of delays not attributable to him, was not announced until April 1976. In the meantime White had undergone apparently successful surgery, performed by Dr. Lester, the surgeon of White's own choice, for the fusion of the affected vertebrae in White's back.

The employer argues that reimbursement for the attendant expenses should be denied, because Dr. Feild, a Memphis neurosurgeon who was selected by the employer and treated White for some time, should have been offered the opportunity to perform the operation. The administrative law judge and the commission both rejected that contention.

We find no abuse of discretion in the retroactive approval of the change. There is no question about the qualifications of either doctor to perform the operation.

There is no question about Dr. Lester's fees. The claimant had been angered by Dr. Feild, partly because Dr. Feild had released him to go back to full-time work when White, in his own opinion, was still not able to work. As late as August 6, 1975, Dr. Feild wrote to the employer that "many of [the claimant's] symptoms and complaints are referable to chronic anxiety and I think much of his pain is." Yet a myelogram performed by Dr. Lester only 18 days later indicated objectively that the fusion was advisable. White testified at the hearing in September that he had no confidence in Dr. Feild and would not let him do the suggested operation. In the circumstances we cannot say the commission abused its discretion in finding that the change of physicians was, in the language of the statute, "desirable."

On the second point, however, we find no substantial evidence that White's total temporary disability goes back quite as far as April 1, 1975 Until that date he had been drawing unemployment compensation benefits, indicating that he was employable. When those benefits were terminated on April 1, White applied to the appellant for re-employment, indicating he himself thought he could work. He was told that he had been fired. His own physician, Dr. Lester, wrote on September 9 that his patient's earlier total temporary disability had ended long before the myelogram was performed on August 24.

On the other hand, the myelogram was unquestionably disabling for some weeks. The administrative law judge apparently first saw White at the hearing on September 16. At that time it was demonstrated that White walked quite slowly and with a waddling movement that is confirmed by the medical proof. We, of course, do not have the great advantage of having seen White as he attempted to move about. We find no testimony indicating any change in his condition between the date of the hearing in September and the date of the surgical operation in the following March. We can therefore sustain the existence of total temporary disability beginning on August 24, 1975, the date of the myelogram, but the proof does not support the commission's finding of an earlier date.

With that modification the judgment is affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.