ARTEX HYDROPHONICS, INC. and
GREAT AMERICAN INSURANCE CO.
*v.* Arvel PIPPIN, Employee

CA 79-198                                            593 S.W. 2d 473

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Stoker & Keeter,* by: *Bob Keeter,* for appellees.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from a

decision of the Workers' Compensation Commission holding appellant responsible for certain medical expenses.

The appellee sustained a compensable injury on May 24, 1977, while working for appellant, Artex Hydrophonics. The accident resulted in compression fractures to some four or five vertebrae. When claimant continued to suffer pain after two weeks hospitalization his orthopedic surgeon, Dr. Hathcock, referred him to Dr. Fecher, a specialist in hematology and oncology. Tests revealed he had multiple myeloma which predated the injury. The myeloma had weakened his bones predisposing him to the compression fractures sustained in the accidental injury. He responded well to the myeloma treatment which was necessary not only to halt the disease but served to stabilize the bones and thereby help heal the fractures. The medical evidence shows the fractures had healed no later than December 19, 1977, when Dr. Hathcock last saw claimant, and new problems with the fractures are not anticipated in the near future.

The issue before the Commission was whether appellants are liable for medical expenses incident to the treatment of the myeloma which preceded the injury, was not aggravated by the injury and was discovered incident to treating the fractures arising from the injury. The fractures simply resulted in earlier discovery of the myeloma.

While the myeloma would have been treated upon discovery in any event, it was necessary to treat the myeloma to stabilize the bone structure to accomplish healing of the fractures.

On appeal appellants concede responsibility for medical expenses in the initial diagnosis and treatment of the myeloma as this was necessary to promote healing of the fractures. They deny responsibility for the continuing treatment of the myeloma on the ground such treatment is not a medical expense stemming from the injury.

The Commission held the preponderance of evidence showed treatment of claimant's preexisting myeloma was, at least through October 27, 1978, proper and necessary medical treatment incident to the compensable injury sustained in

May 1977 for which appellants are responsible.

The treatment for the myeloma appears to have consisted of cobalt, chemotherapy and repeated blood tests made necessary because of the chemotherapy. The cobalt treatment has been given primarily for residual pain incident to the fractures although it has beneficial effects on the myeloma. The chemotherapy is to stop or retard the myeloma. Dr. Fecher testified, in a deposition on August 25, 1978, "If I remember right, within a couple months after being out of the hospital, he was probably in as good a shape as far as how he, you know, his back pain, as he is today, so, I don't think any change has really taken place clinically, you know, say in the last ten months." Claimant was discharged from the hospital on August 8, 1977. Dr. Hathcock testified claimant should have healed enough by the time he last saw him in December 1977, that after that point treatment would be only for the myeloma.

Ark Stat. Ann. § 81-1311 makes it the obligation of the employer to provide medical services reasonably necessary for the treatment of the injury received by the employee. The law does not require the employer to pay for medical expenses for the treatment of a preexisting disease not aggravated by the injury except to the extent it may be necessary to accomplish treatment of the injury.

There is substantial evidence to support the holding of the Commission that appellants are responsible for all of the medical expenses in question through December 19, 1977, when Dr. Hathcock last saw claimant. However, the record appears to be incomplete as to what medical expenses were incurred after that date and the purpose of the expenses.

We modify the decision of the Commission to hold respondents responsible for the medical expenses in question incurred through December 19, 1977, but remand the case for further trial as to expenses incurred after December 19, 1977 and a determination of what part of such expenses were reasonably necessary for the treatment of the injury.

Affirmed in part as modified, and remanded in part.