Marie BRADFORD *v.* TIMEX CORPORATION

CA 80-256                                          604 S.W. 2d 572
Court of Appeals of Arkansas
Opinion delivered September 10, 1980
Rehearing denied October 15, 1980

*Bud Whetstone* and *J. R. Nash*, by: *J. R. Nash*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

MARIAN F. PENIX, Judge. Early in 1977, the Claimant suffered a compensable back injury while employed by Timex Corporation, a self-insured employer. While treated by a neurosurgeon and by an orthopedic surgeon, she received temporary total compensation benefits for four months. Both treating physicians recommended she return to work and she did return July 5, 1977. After her return to work she, of her own initiative, sought medical care from Dr. Joe Lester. However, she testified, she did not feel Dr. Lester helped her condition. She continued to work at Timex until May 18, 1978 when her job was phased out. Timex offered her other employment conditioned upon her correcting her vision by improved glasses. She chose not to do so. In late August 1978, the Claimant sought the care of Dr. John Lohstoeter. Dr. Lohstoeter placed the Claimant in the hospital, performed a myelogram and other tests. He diagnosed her condition as a ruptured lumbar disc and prescribed medication, physical therapy, and traction, holding out the possibility of surgical intervention at a later date. The Claimant sought to have the Respondent pay for Dr. Lohstoeter's services and also sought additional temporary total disability compensation. The Commission found Claimant's healing period to have ended July 5, 1977 and disallowed the payment of services to Dr. Lohstoeter, and determined the Claimant is not entitled to additional temporary total disability benefits.

The Claimant contends the Commission was in error is disallowing a change in physicians. She also alleges error in the Commission's finding the healing period ended July 5, 1977.

Our threshold question is whether there is substantial evidence to support the Commission's findings.

From the record, we find the Claimant returned to work at the suggestion of Dr. John Christian and Dr. Jim Moore on July 5, 1977. Both Dr. Christian and Dr. Moore had been chosen by the Respondent. Shortly after her return to work the Claimant arranged to see Dr. Joe Lester. His treatment and prognosis were not dissimilar to that of Drs. Christian and Moore. By her own testimony, the Claimant expressed dissatisfaction in Dr. Lester. She did not inform the Commission nor the Respondent she was changing her physician to that of Dr. Lester nor did she ask permission to do so. The Claimant continued to work from July 5, 1977 until May 18, 1978 when her job was phased out. She did not seek Dr. Lohstoeter's services until August, 1978. When the Claimant visited Dr. Lester she did not follow the procedure required by Ark. Stat. Ann. § 81-1311. Whether her failure to follow required procedure barred her claim or whether the Commission abused its discretion in refusing to allow the physician change are not the pertinent issues before us. Rather the issue is whether there is substantial evidence to support the Commission's finding the healing period had . ended, thus eliminating the right to a physician change.

In determining whether there was substantial evidence to support the Commission's findings we look to the record. Whether or not the healing period has ended is a question of fact. The Commission found as a fact the healing period had ended July 5, 1977. The extent of our review is limited. We must resolve all doubts in favor of the Commission and we must affirm its decision if there is *any* substantial evidence to support it. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979); *O.K. Processing, Inc.* v. *Servold*, 265 Ark. 352, 578 S.W. 2d 224 (1979).

On July 1, 1977, Dr. John Christian wrote:

I think that Mrs. Bradford . has reached maximum benefit following her back injury at work. I have advised her to return to work and I have released her to do so on

July 5, 1977. She really has no positive neurological findings, and, in fact, very few findings at all.

Three physicians, Dr. Christian, Dr. Moore and Dr. Lester found the Claimant was able to return to work on the date which the Commission found to be the end of Claimant's healing period. The Claimant chose Dr. Joe Lester. However, she did not ask permission of the Commission nor did she inform the Respondent she was seeing Dr. Lester. Thirteen months later she saw Dr. Lohstoeter. She is not asking for a change of physician to Dr. Lester now, but rather to change to Dr. Lohstoeter and have his services paid for by the Respondent. According to the Rules promulgated by the Commission, there are guidelines to be used in determining whether a change of physicians request should be granted. One of these guidelines is that the request be made prior to the end of the healing period. See Rule 21 of Rules of the Workers' Compensation Commission.

We find from the record the Claimant voluntarily and successfully bid for a different job in September, 1977 pursuant to the provisions of the collective bargaining agreement with the union. The job did not require her to stand and did allow her to sit at an assembly line. There was testimony from several witnesses that the Claimant did not complain of back discomfort from September, 1977 until May 18, 1978 when her job was phased out. There is evidence the Claimant applied for unemployment benefits and indicated she was able to work. Upon her application for Social Security disability, she was sent to Dr. John Hundley on June 15, 1978. Dr. Hundley's report concluded: "The degenerative joint disease of the dorsal and lumbar spine is of a physiological nature and does not prohibit her from performing any type of work she so desires." The record reflects the Claimant was hospitalized in early August, 1978 by Dr. Lewis Tolbert for abdominal pain and discomfort. There was no treatment for her back during this hospitalization. In late August, 1978 Claimant sought Dr. Lohstoeter's care. On April 2, 1979 Dr. William Blankenship examined the Claimant at the request of the Social Security Administration. His report and prognosis are not substantially different from Drs. Christian, Moore, Lester, and Hundley.

We find substantial evidence to support the findings of the Workers' Compensation Commission.

Affirmed.