# UNION MEDICAL CENTER et al *v.*
## Barbara J. BRUMLEY

CA 81-434                                              631 S.W. 2d 618

### Court of Appeals of Arkansas
### Opinion delivered April 14, 1982

*David B. Simmons,* for appellants.

*Brown, Compton & Prewett, Ltd.,* by: *Floyd M. Thomas, Jr.,* for appellee.

TOM GLAZE, Judge. This Workers' Compensation case involves an employer's liability for the expense of a doctor who was consulted by the claimant after her healing period had ended.

The claimant was working as a nurse's aid at Union Medical Center on August 11, 1979, when she fell with a patient. She complained of back pain and was seen initially by Dr. George Warren and Dr. Carlton Newsome, her family doctors. When she continued to have problems, she asked a nurse at the hospital for the name of an orthopedic surgeon and Dr. Mac Smith was recommended. The claimant saw Dr. Smith and his associate, Dr. E. R. Hartman, from August 20, 1979, until sometime in January, 1980. Dr. Smith examined the claimant on October 23, 1979, and found her able to return to work at that time. In April, 1980, the claimant contacted the Public Employee Claims Division and it made an appointment for the claimant to be evaluated by Dr. Jerry Thomas. None of the doctors seen by the claimant indicated there was any evidence of permanent disability.

At the suggestion of her attorney, and without consulting respondents, she was examined by Dr. Jay M. Lipke on July 1, 1980. He diagnosed the claimant had an acute herniated nucleus pulposus. Dr. Lipke did not recommend hospitalization and surgery but instead elected to treat the claimant with conservative treatment.

The claimant requested that the treatment by Dr. Lipke be paid by the respondents, and the respondents, in turn, challenged her right to a change of physicians under the provisions of Workers' Compensation Rule 21 (1979),[1] which provides as follows:

> The employer and/or insurance carrier has the right and duty in the first instance to provide prompt medical care to injured employees through physicians and hospitals of the respondents' choice. A claimant, subsequently, may obtain a change in treating physicians to a physician of the claimant's choice, the costs of such treatment to be borne by the employer or the employer's insurance carrier, provided *(1) the claimant's healing period shall not have ended; (2) the claimant is not seeking to change physicians from one of his own choice, previously selected by the claimant;* (3) the physician to whom claimant wishes to change is qualified in the particular field of medicine needed for claimant's particular difficulties; (4) the claimant files with the Commission a petition for a change in physicians, gives the name of the physician to whom he wishes to change and asserts that the physician to whom he wishes to change is competent to treat his particular ailment; (5) no unresolved issue exists over whether claimant is legally entitled to medical care at the expense of respondents.

* * *

[Emphasis supplied.]

---

[1]These portions of Rule 21 were repealed effective March 1, 1982, in view of the enactment of Act 290 of 1981, codified as Ark. Stat. Ann. § 81-1311.

On the foregoing facts, the Administrative Law Judge found that the claimant's healing period had ended on October 23, 1979, and that temporary disability benefits had been paid by the respondents. He also found the claimant was entitled to a change of physician to Dr. J. M. Lipke with such treatment to be at the expense of the respondents. In making such a finding of entitlement, the Administrative Law Judge relied on the case of *Caldwell* v. *Vestal*, 237 Ark. 142, 371 S.W. 2d 836 (1963). The Full Commission affirmed the decision of the Administrative Law Judge. However, *Caldwell* is distinguishable from the instant case, and the reliance on that case by the Administrative Law Judge and the Workers' Compensation Commission is misplaced.

The obvious difference between *Caldwell* and the instant case is that *Caldwell* did not involve a finding that the claimant there had reached the end of his healing period. Rule 21, as it read in 1979 and as it applies to the facts in this case, clearly provides that a claimant is entitled to a change in physicians only where the healing period has not ended.

Here, there is substantial evidence to support the Commission's finding, that claimant's healing period had ended. This being so, the right to a change of physicians is eliminated under the clear language of Rule 21. *Bradford* v. *Timex Corporation*, 270 Ark. 184, 604 S.W. 2d 572 (Ark. App. 1980). A review of the evidence in this cause reflects a report by Dr. Smith that he examined the claimant on October 23, 1979, that she was doing well and was able to return to work. Dr. Thomas, also an orthopedic surgeon, reported that there were no objective findings warranting further diagnostic studies. Altogether, the claimant was seen by three orthopedists and two family practitioners over a ten month period without a finding of incapacity. The following conclusions concerning the healing period were made by the Administrative Law Judge and approved by the Full Commission:

> None of the orthopedists who have examined or treated the claimant have stated that she is unable to work because of the injury since she was released by Dr. Smith on October 23, 1979. After observing the claim-

ant's demeanor as a witness, I was persuaded that she had failed to prove by a preponderance of the evidence, that her pain symptomatology was sufficient to prevent her from returning to work.

The finding of fact that claimant's healing period ended negates and precludes a finding that the claimant was entitled to a change of physicians. Since there is substantial evidence to support the finding that the claimant's healing period ended October 23, 1979, the Commission was in error when it determined she was entitled to a change of physicians at the expense of the respondents after that date.

Reversed.