200

ARTEX HYDROPHONICS, INC. and GREAT
AMERICAN INSURANCE COMPANY *v.* Arvel
PIPPIN, Employee

CA 82-454                                    649 S.W.2d 845

Court of Appeals of Arkansas
Opinion delivered May 11, 1983

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*Bob Keeter,* for appellee.

JAMES R. COOPER, Judge. This is the third time this workers' compensation case has been before this Court. The second appeal dealt only with the timeliness of the notice of appeal, and a discussion of this Court's basis for the reversal in that case, No. CA 82-320, which was delivered April 7, 1982, in an unpublished opinion, is not necessary for the purposes of this appeal. The first appeal of this case, *Artex Hydrophonics, Inc.* v. *Pippin,* 267 Ark. 1014, 593 S.W.2d 473 (Ark. App. 1980), resulted in a remand to the Commission. This Court found that the appellee had sustained a compensable injury on May 24, 1977, while employed by the appellant, Artex Hydrophonics, Inc. The accident resulted in compression of four or five vertebrae. The appellee's injury failed to respond to ordinary treatment, and he was referred to a cancer specialist, Dr. Dennis Fecher. A widespread bone cancer was discovered which predated his work related injury. This Court found that the cancer had weakened his bones, thus predisposing him to the compression fractures and making cancer treatments, consisting of radiation and chemotherapy, necessary both to halt the spread of the cancer and to stabilize the bones and help heal the fractured vertebrae. This Court further found that the fractures healed no later than December 19, 1977. In remanding the case to the Commission, this Court stated:

> There is substantial evidence to support the holding of the Commission that appellants are responsible for all of the medical expenses in question through December 19, 1977, when Dr. Hathcock last saw claimant. However, the record appears to be incom-

plete as to what medical expenses were incurred after that date and the purpose of the expenses.

We modify the decision of the Commission to hold respondents responsible for the medical expenses in question incurred through December 19, 1977, but remand the case for further trial as to expenses incurred after December 19, 1977 and a determination of what part of such expenses were reasonably necessary for the treatment of the injury.

On remand, the administrative law judge heard additional testimony by Dr. Fecher. The administrative law judge found that maximum healing or stabilization of the original injury occurred on or about July 1, 1978. The administrative law judge held that the chemotherapy given through June, 1978, was reasonable and necessary treatment for the compensable injury which occurred May 24, 1977. He further held that the additional chemotherapy treatment which occurred after June, 1978, was necessary not only to maintain the stabilization of the cancerous condition, but to stabilize the damaging effects of the compensable injury. The administrative law judge held that one of the purposes of the chemotherapy was to prevent a recurrence or aggravation of the original compensable injury. The Commission affirmed the administrative law judge and reinstated its original opinion. From that decision, comes this appeal.

On appeal, the appellants argue that the opinion of the full Commission is not supported by substantial evidence. It appears that a reinstatement of the Commission's original decision would only hold the appellants liable for medical expenses through October 27, 1978, since the original decision limited liability to that date and held in abeyance whether the appellants would be responsible for further treatments. Therefore, what we must determine in the case at bar is whether the Commission's decision is in accordance with the remand in the first case decided by this Court between these parties, and whether its decision in the current case is supported by substantial evidence.

The appellants read this Court's first opinion, *Artex Hydrophonics, Inc.* v. *Pippin*, 267 Ark. 1014, 593 S.W.2d 473

(Ark. App. 1980), as specifically holding that only a portion of the appellee's radiation and chemotherapy treatments after December 19, 1977, *could* be held to be the responsibility of the appellants. We do not agree with that contention. This Court's opinion stated that the Commission was to make "a determination of *what part* of such expenses were reasonably necessary for the treatment of the injury." [Emphasis supplied.] We do not believe that this Court's original decision precluded a determination by the Commission that all of the appellee's medical expenses were reasonable and necessary. On remand, the Commission was presented with additional testimony by Dr. Fecher. Dr. Fecher testified that, medically speaking, he could not specify a time when the treatments the appellee was receiving could be considered only treatments for the cancer and not additional treatment for the original fractures, such treatment being in Dr. Fecher's expert opinion, necessary to prevent a recurrence of the original back problems. We think it is clear that the Commission has seized upon this testimony and has found that all of the radiation and chemotherapy treatments from December 19, 1977, through October 27, 1978, were reasonable and necessary medical expenses, the cost of which should be borne by the appellants.

Arkansas Statutes Annotated § 81-1311 (Repl. 1976), the applicable provision at the time of the injury, provides that the employer is liable to the injured employee for all medical services which "may be reasonably necessary for the treatment of the injury received by the employee". Medical treatments which are required so as to stabilize or maintain an injured worker are the responsibility of the employer. *See* Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976). In the case at bar, both Drs. Fecher and Hathcock indicated that the continued chemotherapy and radiation treatments were necessary to maintain the appellee at his healing level, which was achieved as of December 19, 1977. It is the function of the Workers' Compensation Commission to weigh the medical testimony and determine the weight and credibility to be given conflicting medical opinions.

As we stated in *Allen Canning Co.* v. *McReynolds,* 5 Ark. App. 78, 632 S.W.2d 450 (1982):

It is well settled that this court on appeal is required to review the evidence in the light most favorable to the findings of the Commission and to give the testimony its strongest probative value in favor of its order. The issue on appeal is whether the evidence supports the finding which the Commission made. When a commission makes a finding of fact, that finding carries the weight of a jury conclusion. The decision of the Commission must stand if supported by substantial evidence. *Bankston* v. *Prime West Corporation,* 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981).

We cannot say that the Commission's decision in the case at bar is not supported by substantial evidence. The decision of the Commission is affirmed. The parties, of course, are certainly free to argue that, at some point after October 27, 1978, the radiation and chemotherapy treatments being provided to the appellee ceased to be reasonably necessary for the treatment of his work related injury and became solely necessary for the treatment of his cancerous condition.

Affirmed.

GLAZE, J., not participating.