CONTINENTAL GRAIN COMPANY and AETNA CASUALTY & SURETY COMPANY *v.* Leta MILLER

CA 83-16                                          659 S.W.2d 517

Court of Appeals of Arkansas
In Banc
Opinion delivered October 26, 1983

*Friday, Eldredge & Clark,* by: *Donald H. Bacon,* for appellants.

*Whetstone & Whetstone,* by: *Bud Whetstone,* for appellee.

GEORGE K. CRACRAFT, Judge. Leta Miller suffered a compensable injury on October 6, 1980. Shortly thereafter the employer furnished her a copy of Commission Rule 21 and Ark. Stat. Ann. § 81-1311. Appellee admitted receiving the notice and discussing it with her attorney. She stated that she fully understood the provisions of both the statute and the rule. During December 1980 she began seeing a doctor other than her treating physician. She cancelled her appointment with this doctor when her attorney advised that the employer would not consent to a change of physician. She then continued seeing the treating physician until he discharged her without disability on January 13, 1981. The next day, without notifying her employer or petitioning the Commission for a change of physicians she began receiving treatment from new, and admittedly unauthorized, physicians.

The employer controverted her claim for additional medical expense. The Commission found that the claimant was provided with a copy of the statute and Rule 21 and fully understood it but that she had made no attempt to comply with the provisions of either. It expressly found that the treatment by her new physician was unauthorized and obtained at her own peril. It further found that she was still experiencing substantial problems after January 13th and that she was genuinely seeking relief from pain rather than shopping for a favorable impairment rating. The Commission concluded:

> Under these circumstances we believe the claimant's treatment by Dr. Sherrill and his associates was reasonably necessary within the meaning of Ark. Stat. Ann. § 81-1311 and that such treatment should be retroactively approved under the principles estblished by *Caldwell* v. *Vestal,* 237 Ark. 142, 371 S.W.2d 836 (1963); *Southwestern Bell Tele. Co.* v. *Brown,* 256 Ark. 54, 505 S.W.2d 207 (1974); *Emerson Electric Co.* v. *White,* 262 Ark. 376, 557 S.W.2d 189 (1977).

The appellants' contention of error is two-pronged. They first contend that at the time of the unauthorized change of physicians the Legislature had by amendment eliminated from § 81-1311 that language which gave to the Commission a discretionary power to approve a change of physicians on findings that it was reasonable and necessary. We do not agree that the amendment was then in effect. Secondly appellants argue that in any event the Commission abused its discretion in approving the change. We agree that it did.

From its inception Ark. Stat. Ann. § 81-1311 of our Workers' Compensation Act has provided that the Commission may order a change of physicians "when in its discretion such change is deemed necessary or desirable." In those cases relied upon by the Commission the Supreme Court of Arkansas declared this discretionary power could be retroactively applied. This section was amended by 1979 Ark. Acts 253 which placed some limitations upon this existing discretionary power. The restriction was as follows:

The Commission may order change of physicians at the expense of the employer when in its discretion such change is necessary or desirable. *Upon notice of injury, the injured employee shall be furnished a copy of Commission Rule 21 and a copy of Section 11 of the Workers' Compensation Act. Subsequently if the injured employee desires to change physicians pursuant to the rule notice to this effect must be given to the employer. Any unauthorized medical expense incurred after receiving a copy of Rule 21 and a copy of Section 11 Workers' Compensation Act shall not be the responsibility of the employer unless the employee gives the employer prior notice of intent to change physicians pursuant to the rules and eventually obtains an order from the Commission approving the change.* (Emphasis added)

Rule 21 of the Rules of the Arkansas Workers' Compensation Commission provides that a claimant may obtain a change in treating physicians at the employer's expense, provided:

4) *that the claimant files with the Commission a petition for the change of physician, gives the name of the physician to whom he wishes to change and asserts that the physician to whom he wishes to change is competent to treat his ailment;* (Emphasis added)

Act 290 of 1981, Ark. Stat. Ann. § 81-1311 (Supp. 1981), again amended this section of our Workers' Compensation Act by deleting the words "when in its discretion such change is deemed necessary or desirable," and the authority of the Commission to authorize a change of physicians was again more narrowly limited.

The appellants first argue that "in January of 1981, the relevant time period in which the claimant first began incurring the unauthorized medical expense" the 1981 amendment was in effect and the Commission was therefore without authority to retroactively approve a change of physicians on findings of reasonableness and necessity. We need not here determine what effect that amendment had

upon procedure for changing physicians because appellants' assumption that it was in effect in January 1981 is erroneous. The effective date of that Act was March 3, 1981, a date subsequent to the events in issue here. The law applicable to this case was provided in the 1979 Amendment which appears as Ark. Stat. Ann. § 81-1311 (Supp. 1979). This Amendment, which has been quoted earlier in this opinion, clearly stated that any unauthorized medical expense would not be the responsibility of the employer *unless the employee gave the employer prior notice of intent to change pursuant to the rules.* Rule 21 requires that a petition for change of physician be filed with the Commission. None has ever been filed. Our examination of the record discloses there was no such petition.[1]

In prior cases affirming retroactive approval the courts have held that the Commission can, under its Rule 23, allow deviation from its own rules when "compliance is impractical or impossible." *Mad Butcher, Inc.* v. *Parker,* 4 Ark. App. 124, 628 S.W.2d 582 (1982). The question then arises: Was appellee excused from filing a petition for charge of physicians pursuant to the Commission's rules? The evidence here in conclusive that this appellee was fully aware of the requirements of Rule 21 that a petition be filed and she did not do so. There is nothing in the record to indicate that it was impossible or impractical for her to do so or that her failure was due to the action of the employer. In these respects, this case is clearly distinguishable from *Mad Butcher* and *Moro, Inc.,* v. *Davis,* 6 Ark. App. 92, 638 S.W.2d 694 (1982).

The Commission is empowered to make rules and regulations for the administration of the Workers' Compensation Act. While it may relax its rules when warranted by the circumstances, it may not disregard them. Any reasonable interpretation of its own rule may be accepted by the court if not contrary to statutory provision or irreconcilably contrary to the plain meaning of the regulation itself. *Mohawk Rubber Co.* v. *Buford,* 259 Ark. 614, 535 S.W.2d 819 (1976).

---

[1] This record was remanded to the Commission to complete the record and on return here no petition was included.

The clear wording of the statute provides that after receiving the two specified documents "any unauthorized medical expense . . . *shall not* be the responsibility of the employer *unless* the employee gives the employer prior notice of intent to change physicians pursuant to the rules . . . ." In this case the appellee admitted that she had received a copy of the Commission's Rule 21 and of § 11 of the Workers' Compensation Act and that they had been fully explained to her by her attorney and she understood them. She further admitted that at the time she made the change, she was fully aware that the employer would not consent to a change of physicians and therefore she did not give notice at any time to her employer. Nor did she seek the aid of the Commission afforded by Rule 21.

We find absolutely nothing in this record which would excuse the appellee's total disregard of the Commission's rules and the clear wording of the statute. We conclude that the Workers' Compensation Commission abused its discretion in retroactively imposing liability on the appellant for medical expenses it had not authorized under these circumstances.

Reversed.