STERLING STORES and The HOME INSURANCE COMPANY *v*. Kathy DEEN

CA 85-149 696 S.W.2d 784

Court of Appeals of Arkansas
Division I
Opinion delivered October 2, 1985

*Tom Forest Lovett, P.A.*, for appellant.

*Smith, Jernigan & Smith*, by: *Robert D. Smith, III*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Sterling Stores bring this appeal from a decision of the Workers' Compensation Commission authorizing a change from a physician initially selected by Kathy Deen. We find no error in the action of the Commission and affirm.

Appellee sustained a compensable injury on April 19, 1980 while employed by appellant. She was treated by physicians of her own selection until 1983. In September 1983 appellee petitioned the Commission for authority to change physicians on the ground that her selected physician refused to see or treat her further and submitted proof that further medical treatment was essential. She contended that the change was authorized under Ark. Stat. Ann. § 81-1311, as amended in 1981, which permits such a change from a selected physician on showing of a compelling reason or circumstance justifying the change. The appellants contend that as appellee's injury was sustained prior to the effective date of the 1981 amendment, she should not change from a physician initially selected by her under the law in effect on the date of injury.[1] The Commission resolved that issue in the following language:

> The first question which must be answered is whether this case is governed by Ark. Stat. Ann. § 81-1311 as amended by Act 253 of 1979 or § 81-1311 as amended by Act 290 of 1981. The answer to this question must be ascertained from a review of the decisions by the Arkansas Court of

---

[1] The effective date of the 1981 amendment was March 3, 1981. A discussion of the changes it made in the law is not necessary to our decision in this case. It suffices to say that under the law in effect prior to March 3, 1981, a change of physicians in this case might not be authorized. Under the law in effect after that date the action of the Commission would be correct.

Appeals in *Popeye's Famous Fried Chicken* v. *Willis*, 7 Ark. App. 167, 646 S.W.2d 17 (1983); *Continental Grain Company* v. *Miller*, 9 Ark. App. 317, 659 S.W.2d 517 (1983); and *American Transportation Co.* v. *Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983). After reviewing these cases, we are of the opinion that the *Popeye* decision was not overruled by either *Continental Grain Company* or *American Transportation Company* decision. Accordingly, we find Ark. Stat. Ann. § 81-1311 as amended by Act 290 of 1981 as the governing law.

Following our opinion in *Popeye's Famous Fried Chicken* v. *Willis*, 7 Ark. App. 167, 646 S.W.2d 17 (1983) the Commission found that the required compelling reason existed and authorized the change of physicians.

Appellants argue on appeal that the Commission erred in following *Willis*. They contend that our decision in *Willis* was an erroneous application of the law and has been reversed by implication in *Union Medical Center* v. *Brumley*, 4 Ark. App. 370, 631 S.W.2d 618 (1982); *Continental Grain Company* v. *Miller*, 9 Ark. App. 317, 659 S.W.2d 517 (1983); *Revere Copper and Brass, Inc.* v. *Talley*, 7 Ark. App. 234, 647 S.W.2d 477 (1983); *Artex Hydrophonics* v. *Pippin*, 8 Ark. App. 200, 649 S.W.2d 845 (1983); and *American Transportation Co.* v. *Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983). Appellants request we expressly do so now. We conclude that our opinion in *Willis* was a sound one and reaffirm it.

In *Willis* the claimant sustained a compensable injury before the effective date of the 1981 amendment. She was treated by a physician of her own choice until April 10, 1981 (after the effective date of the 1981 amendment) when her doctor indicated that he had no further treatment to offer her and suggested to her attorney that she be referred to another surgeon. She then petitioned for a change of physicians. The Commission ruled that when the request to the Commission for authority to change physicians was made the 1981 Act was in effect and was not limited to prospective application and authorized the change. We affirmed and relying on *Aluminum Co. of America* v. *Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982) and *State ex rel. Moose* v. *Kansas City & Memphis Railway & Bridge Co.*, 117 Ark. 606,

174 S.W. 248 (1914), we held that the rules of strict construction do not apply to remedial statutes which do not disturb vested rights or create new obligations but only supply a new or more appropriate remedy to enforce an existing right or obligation. Those statutes should be given a retrospective effect whenever it seems to be the intention of the legislature.

The appellants argue that our decision was wrong because the new act did create new rights and obligations. Appellants argue that before the effective date of the 1981 amendment the claimant could not obtain a change of physicians at the employer's expense unless she met five prerequisites contained in Rule 21 of the Workers' Compensation Commission, one of which was "the claimant is not seeking to change physicians from one of his own choice, previously selected by the claimant." Appellants further contend that subsequent to the 1981 amendment one may now make that change as a new right and as a new obligation.

We rejected that argument in *Willis*. There we pointed out that our workers' compensation law has contained a provision allowing the Commission to authorize a change of physicians since its inception. The manner and circumstances under which the change could be effected has been revised on several occasions.

Even during the effective period of the 1979 amendment there were conceivable circumstances under which the Commission might authorize a change of physicians from one initially selected by the employee. The prohibition against changing such physicians was not a statutory one. It was contained in a rule of the Commission from which it could deviate when compliance with it was impractical or impossible. *Rules of the Arkansas Workers' Compensation Commission* Rule 23; *Mad Butcher, Inc.* v. *Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982); *Continental Grain Company* v. *Miller, supra*. The facts of this case might well be such a situation in which a claimant's selected physician refused to further treat him and it is shown that further treatment is absolutely necessary, but unobtainable except at the employee's expense. The Commission could deviate from Rule 21. The 1981 amendment simply makes it easier for the Commission to afford an existing remedy where there is such a compelling

reason or circumstance justifying the change.

Nor do we find any inconsistency in our decisions subsequent to *Willis. Union Medical Center* v. *Brumley, supra,* and *Continental Grain Company* v. *Miller, supra,* are clearly distinguishable. In *Willis, Brumley* and *Miller* the injuries were sustained prior to the effective date of the 1981 Act. However, unlike *Willis,* in both *Brumley* and *Miller* the claimants sought to exercise their right to change physicians before that date. In all three cases we held the date of the injury to be immaterial and applied the law in effect on the date the changes were made. In *American Transportation Co.* v. *Payne, supra,* both the injury and application for change occurred after the 1981 Act was effective. We reversed because the Commission had not taken the emergency clause into account and had applied rules no longer in effect. In *Artex Hydrophonics* v. *Pippin, supra,* we considered the third appeal from a change of physicians made in 1977. We ruled that the law in effect in 1977 governed. The issue was not presented in *Revere Copper and Brass, Inc.* v. *Talley, supra.* In that case the issue was not what law governed the change of physicians but the effect an unauthorized change had on the admissibility of the physician's testimony.

 It was our intent in those cases to hold that the date of the injury is immaterial. The 1981 amendment is not limited in application to those workers whose injuries are sustained after its effective date, but is limited to changes in physicians made after that date. Ordinarily, however, it cannot be retroactively applied to ratify a change which was unauthorized at the time such change was actually made.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.