SANYO MFG. CORP. *v.* Minnie Lou FARRELL

CA 85-91                                          696 S.W.2d 779

Court of Appeals of Arkansas
Division I
Opinion delivered October 2, 1985

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan*, for appellant.

*Youngdahl & Larrison*, by: *Diane A. Larrison*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Workers' Compensation Commission. In September 1983 the claimant sustained a compensable injury to her back and, after being treated by doctors selected by the employer, the claimant requested a change of physicians to one of her own choice. The employer agreed to this request and the commission entered an order dated March 22, 1984, allowing a change to Dr. James Rodney Feild of Memphis, Tennessee.

After claimant had seen Dr. Feild on five or six occasions, he released her to go back to work. She testified that he did nothing for her except give her pain pills; that she told him she was losing the feeling in her legs but he said she should exercise more. She testified that she was not satisfied with his treatment and told him she would not be back.

When Dr. Feild released the claimant he wrote a letter to her employer stating there was no anatomical foundation for her continued disability and if she did not return to work in two weeks the company should consider permanently replacing her. He also enclosed a report containing his impression that she was malingering. The claimant returned to work in early May 1984 but testified that after a day and a half, her legs started hurting so badly she could not continue. She was examined by the company doctor who said she had not exercised the leg muscles enough and who advised her, as Dr. Feild had, to exercise more. Claimant then went to the company nurse for help and was told that she could not return to Dr. Feild because he had released her and that she would have to consult her own physician at her own expense.

On the advice of a friend, claimant saw a Dr. McCollum who referred her to Dr. Gary Kellett in Memphis. Dr. Kellett saw her on May 8, 1984, admitted her to a hospital, and after a body scan and a myelogram, diagnosed a bulging disc and treated her by injecting her back. Claimant had been pain free from that time

until the date of the hearing before the administrative law judge on June 19, 1984. She had not returned to work because Dr. Kellett had not released her to do so, but she was performing exercises he recommended and was scheduled to see him again in August 1984. The law judge held that the employer was responsible for the medical treatment the claimant was required to obtain on her own behalf. The full commission affirmed, adopting the opinion of the law judge as its own.

On appeal, the employer argues that the commission erred in interpreting the controlling statute, *see* Ark. Stat. Ann. § 81-1311 (Supp. 1985), to allow the claimant to change physicians a second time since the statute provides that where the employer selects a physician the claimant may petition for a change of physicians "one time only." Under the circumstances involved in this case, we do not agree.

■■ The law judge's opinion pointed out that the first paragraph of section 81-1311, *supra*, requires that the employer shall promptly provide medical services for an injured employee and if this is not done within a reasonable time, the commission may direct that the injured employee obtain the services at the expense of the employer. The law judge's opinion then stated:

> The pivotal issue in this claim involves the employer's refusal to allow claimant to receive medical treatment from the doctor to whom she was granted a change of physicians by the consent order of March 22, 1984. When Sanyo refused to allow claimant to be examined by Dr. Feild, the rules for changing physicians ceased to apply since respondents at that time failed to provide medical treatment for the claimant. . . .

> Merely because Dr. Feild had released claimant to return to work does not mean that claimant did not need additional medical treatment. . . .

> . . . .

> . . . It is simply an untenable situation for an employer to deny a claimant ordered medical treatment and then state that she must follow the rules for changing physicians.

Neither party has cited a single case in its brief on appeal. The issue of the right to change physicians, however, has been involved in a number of workers' compensation cases. In *Emerson Electric Co.* v. *White*, 262 Ark. 376, 557 S.W.2d 189 (1977), the Arkansas Supreme Court said, "We have recognized the commission's discretionary authority to approve such changes retroactively," and cited *Southwestern Bell Tel. Co.* v. *Brown*, 256 Ark. 54, 505 S.W.2d 207 (1974), and *Caldwell* v. *Vestal*, 237 Ark. 142, 371 S.W.2d 836 (1963). In the *Caldwell* case the court pointed out that Ark. Stat. Ann. § 81-1311 (Repl. 1960), in effect at that time, provided that "the Commission may order a change of physicians at the expense of the employer when, in its discretion, such change is deemed necessary or desirable." But the court stated:

> We believe that this provision was inserted in the statute to anticipate any possible doubt about the power of the commission to order a change of physicians. It should not be regarded as establishing an exclusive method of procedure, for, as a practical matter, an injured employee ordinarily has no lawyer and is not in a position to apply to the commission for a change of physicians. To construe a statute as narrowly as the appellees would have us do would convert this provision from a remedial measure designed to help the workman into a punitive measure designed to hurt him.

Through the years the statute has been changed. This court has recently pointed out that Act 290 of 1981 deleted the provision in Ark. Stat. Ann. § 81-1311 giving the commission discretion to order a change of physicians when it was deemed necessary or desirable and substituted a detailed procedure to be followed when an employee desires a change of physicians. *See American Transportation Co.* v. *Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983), and *Continental Grain Co.* v. *Miller*, 9 Ark. App. 317, 659 S.W.2d 517 (1983).

Nevertheless, in *Moro, Inc.* v. *Davis*, 6 Ark. App. 92, 638 S.W.2d 694 (1982), we affirmed the commission in holding that the appellant's adjuster had led the appellee to believe, even though mistakenly, that he could be examined by a physician of his choice. We said this was within the fact-finding province of the

commission and "we are unable to say it erred or that it abused its discretion in the retroactive approval of the change." Although section 81-1311, in effect at that time, still contained the language giving the commission authority to order a change of physicians at the employer's expense "when, in its discretion, such change is deemed necessary or desirable," the court relied upon *Emerson Electric Co.* v. *White* as authority for its holding. As we have seen, *Emerson Electric* relied in part upon *Caldwell* v. *Vestal* which indicated that the commission had some inherent discretion to order a change of physicians in addition to the discretion expressly stated in the statute. In view of circumstances that can be imagined, we are not prepared to hold that the commission has no inherent discretion in this respect although it surely has been narrowed by legislative action through the years.

Regardless of the rationale for the holding in *Moro, Inc.* v. *Davis*, whether inherent discretion or waiver or estoppel, we think it is authority to support the reasoning set out in the law judge's opinion and adopted by the commission in the instant case. Certainly, for the appellant to refuse ordered medical treatment to the claimant and then seek to limit the claimant's treatment to the very doctor which it refused to allow her to see, is an untenable position. Although the appellant argues that the claimant did not want to go back to Dr. Feild, the claimant's testimony was: "Not if I didn't have to." In any event, she was told by a representative of her employer that she could not go back to see Dr. Feild. The commission found that she needed additional medical treatment and, since the employer failed to provide it, that the employer was responsible for the treatment the claimant had to obtain on her own behalf.

We are committed to a liberal construction of the Workers' Compensation Law and to the rule that it should be interpreted in favor of the claimant when there is doubt as to its meaning. *See Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). We find no error in the commission's interpretation and application of the law in this case.

The appellant also argues that there is no substantial evidence to support the commission's award of temporary total disability from the date the claimant first saw Dr. Kellett on May 8, 1984, to continue through a date yet to be determined. We

think, however, that the evidence is clearly substantial to support that award also.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.