No. 89-335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

LAINE P. CARROLL,

        Claimant and Appellant,

-v-

WELLS FARGO ARMORED SERVICE CORPORATION,

        Employer,

    and

CNA INSURANCE COMPANY,

        Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
             Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Eric B. Thueson, Thueson Law Office, Helena, Montana

    For Respondent:

        Larry W. Jones, Garlington, Lohn & Robinson,
        Missoula, Montana

Submitted on Briefs: October 20, 1989

Decided:  December 1, 1989

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Claimant Laine Carroll appeals a decision of the Workers' Compensation Court wherein the Workers' Compensation Court awarded claimant 175 weeks of partial disability benefits. As part of its decision the Workers' Compensation Court denied several of claimant's requests including the following: (1) denial of a lump sum advance; (2) denial of payment of certain medical expenses; (3) denial of request to include overtime hours as part of wage calculation; and (4) denial of attorney's fees and costs. We affirm in part, reverse in part, and remand to the Workers' Compensation Court.

Claimant presents four issues for review:

1. Did the Workers' Compensation Court err because it failed to discuss the factors that must be evaluated when determining a claimant's disability factor under §§ 39-71-705, -708, MCA (1985)?

2. Did the Workers' Compensation Court err by not including claimant's overtime hours in determining his pre-injury wages?

3. Did the Hearings Examiner err by not requiring the defendant to pay certain medical expenses?

4. Did the Workers' Compensation Court err in holding that § 39-71-612, MCA (1985), controlled the determination of attorney's fees rather than § 39-71-611, MCA (1985)?

On November 15, 1985, claimant injured his back during the course and scope of his employment as an armored car driver for Wells Fargo. Defendant initially accepted liability for claimant's injury and paid temporary total disability benefits and medical benefits. In a letter dated

2

June 22, 1987, defendant offered to settle claimant's case for $30,317.58, representing 170 weeks of permanent partial disability benefits at the rate of $142.67 per week plus $6,063.48 in attorney's fees. Defendant stated in the letter that the offer was good for fifteen days. The Pretrial Order discloses that as of the hearing date, December 14, 1987, defendant had taken the position that claimant was not entitled to any indemnity benefits.

At trial the Hearings Examiner heard the claimant's testimony and testimony from two vocational rehabilitation experts. Also part of the record are various depositions including depositions of medical doctors who had treated or examined the claimant.

At the time of trial the claimant was 27 years old. He had a high school education and his work history included work as a gas station attendant, dishwasher, construction helper, and armored truck driver. At the date of his injury, claimant earned $5.35 per hour. It was undisputed that the claimant could not return to his former employment and that he is now limited to light or sedentary jobs that have starting wages of $3.50 to $4.50 per hour. Other facts will be discussed as necessary.

I.

Did the Workers' Compensation Court err because it failed to discuss the factors that must be evaluated when determining a claimant's disability factor under §§ 39-71-705, -708, MCA (1985)?

This Court's task in reviewing a Workers' Compensation Court decision is to determine whether substantial evidence supports the Workers' Compensation Court's findings of fact and conclusions of law. Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 347, 704 P.2d 1048, 1050.

3

It is well established that §§ 39-71-705, -708, MCA (1985), permanent partial disability benefits indemnify the claimant for possible loss of future earning capacity. McDanold v. B.N. Transport, Inc. (1984), 208 Mont. 470, 476, 679 P.2d 1188, 1191. Also well established are the factors the court must consider in determining a claimant's disability under §§ 39-71-705, -708, MCA (1985). The court must consider the claimant's age, education, work experience, pain and disability, actual wage loss, and loss of future earning capacity. Holton v. F.H. Stoltze Land and Lumber Co. (1981), 195 Mont. 263, 266, 637 P.2d 10, 12. The Conclusions of Law recognized these factors.

After stating the appropriate standard for a §§ 39-71-705, -708, MCA (1985), disability determination, the court set forth its rationale for its conclusion that claimant was 35% disabled. Appellant argues that the court's legal conclusion that the claimant is 35% disabled is flawed because the rationale does not reflect how, or even if, the court considered the above mentioned factors in reaching its decision. We agree.

As mentioned, case law interpreting §§ 39-71-705, -708, MCA, requires that the court consider a claimant's age, education, work experience, pain and disability, actual wage loss and possible loss of future earning capacity. Based on the court's discussion, the only apparent consideration made by the court in determining claimant's disability was pre-injury versus post-injury earnings. Although the court listed the appropriate factors, it discussed only actual wage loss. The court's opinion contains no discussion of how any of the other factors weighed in its decision that claimant is 35% disabled, which nearly approximates claimant's actual wage loss. Thus, on its face, the court's decision reads

4

like a permanent partial disability determination under § 39-71-703, MCA (1985), which does look only to actual diminution in wages as the basis upon which benefits are determined. Because the court only discussed the claimant's actual wage loss and failed to discuss any of the other criteria, we hold that the court's decision is not supported by substantial evidence.

Respondent asks us to adopt its version of what the Hearings Examiner must have thought in reaching his decision. Similarly, claimant asks us to adopt his version of what the Hearings Examiner should have thought and increase the compensation award. However, this Court cannot second guess how the Workers' Compensation Court must have arrived at its decision or dictate what decision it should have made.

Both respondent and claimant supplied this Court with Workers' Compensation Court decisions. A review of the cases decided under §§ 39-71-705, -708, MCA (1985), reveal in all some discussion of the necessary factors. Such a discussion is required so that the reviewing court can ascertain that all of the factors were indeed considered and discern the court's rationale. In the instant case the opinion discussed only the actual wage loss factor and none of the other mandatory considerations. We vacate the Workers' Compensation Court's award under §§ 39-71-705, -708, MCA (1985), and remand to the Workers' Compensation Court for a redetermination of benefits consistent with the requirements of §§ 39-71-705, -708, MCA (1985).

II.

Did the Workers' Compensation Court err by not including claimant's overtime hours in determining his pre-injury wages?

5

Generally, overtime earnings are not included in determining a claimant's "usual hours of employment." Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 348-49, 704 P.2d 1048, 1052. "However, if the work record shows that the employer hired the claimant expecting overtime work and the claimant actually worked overtime on a consistent, regular basis . . . then that overtime becomes part of the usual hours of employment." Coles, 704 P.2d at 1052. In Coles, the claimant worked overtime in each of the weeks she worked at the Seven Eleven store.

Claimant contends that the Workers' Compensation Court erred by not including overtime hours in his pre-injury wages because he worked overtime in 24 of the 48 weeks preceding his injury. Thus, claimant contends that his case falls within the Coles decision on overtime and that the Workers' Compensation Court's decision is not supported by substantial evidence. We disagree.

As the Workers' Compensation Court found, the claimant did not receive overtime wages for 21 weekly pay periods prior to his injury. In other words, claimant had not worked overtime in the five months preceding his injury. The record contains no other evidence of any overtime claimant worked. On its face claimant's overtime hours do not approach the standard of a "consistent, regular basis" set in Coles. We hold that the Workers' Compensation Court's decision not to include overtime hours in determining pre-injury wages is supported by substantial evidence.

III.

Did the Hearings Examiner err by not requiring the defendant to pay certain medical expenses?

6

Claimant received medical treatment from Dr. Baggenstos for which defendant refused to pay. Defendant refused to pay Dr. Baggenstos' costs because neither did claimant's treating physician refer claimant to Dr. Baggenstos nor did defendant authorize Dr. Baggenstos' visit.

Montana law specifically requires either a referral from a claimant's treating physician or an authorization by the insurer before an insurer will be liable for medical treatment expenses. Garland v. The Anaconda Co. (1978), 177 Mont. 240, 581 P.2d 431. Claimant's visit to Dr. Baggenstos was clearly unauthorized under Montana law, even though claimant felt he had good reason for his actions. We affirm the Workers' Compensation Court's decision disallowing payment of Dr. Baggenstos' medical costs.

IV.

Did the Workers' Compensation Court err in holding that § 39-71-612, MCA (1985), controlled the determination of attorney's fees rather than § 39-71-611, MCA (1985)?

Workers' Compensation statutes provide two methods of determining attorney's fees. Section 39-71-611, MCA (1985), applies when an insurer denies liability while § 39-71-612, MCA (1985), applies when an insurer accepts liability but disputes the amount of compensation due the claimant. Hartman v. Staley Continental (Mont. 1989), 768 P.2d 1380, 46 St.Rep. 248. If the court awards more compensation than the defendant has offered, then attorney's fees are based on the difference. If the court awards less compensation then no attorney's fees are due.

The Workers' Compensation Court awarded attorney's fees to claimant pursuant to § 39-71-612, MCA (1985), and ordered claimant to submit his attorney's fees request. Defendant

7

disputed attorney's fees and moved for summary judgment which the Workers' Compensation Court granted. The Workers' Compensation Court held that claimant was not entitled to attorney's fees because the court-awarded indemnity benefits ($24,967.25 + $235.41 for attorney's fees) were less than the defendant's pretrial settlement offer ($30,317.58).

Claimant contends that defendant denied liability and that the Workers' Compensation Court erred in not applying § 39-71-611, MCA (1985). In both its pretrial order and its proposed findings of fact and conclusions of law, defendant asserted that the claimant was not entitled to any permanent partial disability benefits. Claimant argues that under our Hartman holding these assertions constitute a denial of liability regardless of any pretrial settlement offer. We agree.

The Hartman case is directly analogous to the instant case. In Hartman, the defendant made a pretrial settlement offer but asserted in its pretrial order and proposed findings and conclusions that the claimant was not entitled to any permanent partial disability benefits. Similar to defendant in this case, the Hartman defendant argued that § 39-71-612, MCA (1985), applied because it was not denying liability but merely disputing the amount of compensation. We found that the record, in which defendant steadfastly claimed that claimant was entitled to nothing, did not support defendant's assertion that it was only disputing the amount of compensation. Hartman, 768 P.2d at 1385.

The same reasoning applies to the instant case. If defendant were merely disputing the amount of compensation, then defendant would acknowledge that claimant was entitled to permanent partial disability benefits. See, Lamb v. Missoula Imports, Inc. (Mont. 1988), 748 P.2d 965, 45 St.Rep.

127. To the contrary however, here defendant denied that claimant was entitled to compensation. In other words, defendant denied any liability for permanent partial benefits. We hold that claimant's attorney's fees are to be determined under § 39-71-611, MCA (1985).

We remand to the Workers' Compensation Court for a determination of indemnity benefits and attorney's fees in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9