No. 90-269

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LAINE P. CARROLL,

     Claimant and Respondent,

  -vs-

WELLS FARGO ARMORED SERVICE
CORPORATION,

     Employer,

  and

CNA INSURANCE COMPANY,

     Defendant and Appellant.

'90 DEC 11 AM 9 59
ED SMITH, CLERK
MONTANA SUPREME COURT
FILED

APPEAL FROM:   The Workers' Compensation Court,
                The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Larry W. Jones; Garlington, Lohn & Robinson,
          Missoula, Montana

     For Respondent:

          Erik B. Thueson, Thueson Law Office, Helena, Montana

                       Submitted on Briefs: November 1, 1990

                             Decided: December 11, 1990

Filed:

                            Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Workers' Compensation Court of the State of Montana. We affirm.

The issues presented by appellant are:

1. Whether the Workers' Compensation Court exceeded its jurisdiction on remand by increasing claimant's disability award under §§ 39-71-705, -708, MCA (1985), from 35% to 60%.

2. Whether the Workers' Compensation Court failed to follow this Court's instructions on remand when it failed to assign a disability percentage to each of the disability factors it considered.

3. Whether there is substantial evidence to support the lower court's disability award.

On June 25, 1987, claimant, Laine P. Carroll, filed his Petition for Hearing in the lower court in which he alleged the appellants, Wells Fargo Armored Services Corporation and CNA Insurance Company, owed certain benefits in excess of those offered. Following a hearing, the lower court, on October 28, 1988, filed its order in which it entitled claimant to a 35% permanent partial disability award. Claimant appealed the Workers' Compensation Court's final decision. In Carroll v. Wells Fargo (1989), 240 Mont. 151, 783 P.2d 387, we reversed in part, affirmed in part and remanded this case to the Workers' Compensation Court. Our particular instructions on remand governing the permanent partial disability award, which this appeal focuses on, were as follows:

> Because the court only discussed the claimant's actual wage loss and failed to discuss any of the other criteria, we hold that the court's decision is not supported by substantial evidence.
>
> . . .
>
> A review of the cases decided under §§ 39-71-705, -708, MCA (1985), reveal in all some discussion of the necessary factors.
>
> . . .
>
> We vacate the Workers' Compensation Court's award under §§ 39-71-705, -708, MCA (1985), and remand to the Workers' Compensation Court for a redetermination of benefits consistent with the requirements of §§ 39-71-705, -708, MCA (1985).

Carroll at 154-55, 783 P.2d at 390.

On remand, after the parties submitted briefs, the Workers' Compensation Court held claimant was entitled to a 60% disability award. From the lower court's order on remand, appellant takes this appeal. No additional facts were admitted in the record on remand and so a complete discussion of all material facts can be found in Carroll at 153, 783 P.2d at 389.

The first issue is whether the court exceeded its jurisdiction on remand by increasing Carroll's disability award from 35% to 60%. Appellant argues that our holding in Carroll was intended to require the court, on remand, to only discuss the factors it previously considered in determining the prior 35% disability award. Appellant further argues that our holding in Carroll was not meant to allow the court to redetermine the disability award based on this new discussion. In Carroll at 154-55, 783 P.2d at 390, we held that the court's 35% disability award was not

3

supported by substantial evidence and remanded the cause to the Workers' Compensation Court for a _redetermination of benefits_ consistent with the requirements of §§ 39-71-705, -708, MCA (1985). On remand the court followed these instructions, redetermined claimant's benefits and calculated a 60% disability award.

Appellant has misinterpreted our plain and unambiguous holding in _Carroll_. Our instructions to the Workers' Compensation Court, without a doubt, was to _redetermine benefits_ consistent with the cases decided under §§ 39-71-705, -708, MCA (1985) which require a discussion of certain necessary factors. The Workers' Compensation Court properly followed our instructions on remand and we, therefore, hold that the court did not exceed its jurisdiction on remand by increasing Carroll's disability award from 35% to 60%.

Next, we must determine whether the court failed to follow instructions on remand by not assigning a disability percentage to each disability factor it considered when making the disability award.

Appellant argues that we instructed the lower court on remand to quantify in percentages the weight given to each permanent partial disability factor and include a discussion of how each specific percentage was reached. Appellant contends that it would be impossible for this Court to give a meaningful review of the lower court's permanent partial disability award without such quantification. We disagree.

Appellant would have us believe that workers' compensation law is a particular system or branch of physics, complete with forces

analogous to friction, gravity and momentum, statutory laws like those of Newton and Archimedes, all interwoven in a calculus mesh of case law. To be sure, workers' compensation law is a social science which necessarily includes human factors and to break workers' compensation law down into separate percentages would simply deny this fact. Once again, our instructions on remand were plain and unambiguous leaving no room whatsoever for appellant's erroneous interpretation.

After reading our instructions on remand, the Workers' Compensation Court entered its order and gave its rationale for refusing to reduce its disability award to numbers.

> We have intentionally avoided trying to quantify in percentages the considerations given to the above permanent partial disability factors. The reasons for not doing so are that there is no precedent, either in statute or case law as to how such quantification might be done and secondly, assessing mathematical precision to the individual characteristics of each injured worker would inevitably provide "windfalls" to some and punitively low awards to others. While formulas, per se, have a certain attraction of simplicity and speed, they negate the flexibility of dealing with each case as a person, not a mathematical component. To be sure, it is something of an inexact science, but is nonetheless more in keeping with the "earning capacity" considerations of the statutes. We do not think it inappropriate to consider certain mathematical considerations that might apply in terms of dollars per hour wages, pre- and post-injury, or percent of labor market pre- and post-injury, but we decline to make such numbers absolute for the reasons noted.

We hold that the Workers' Compensation Court did not fail to follow our instructions on remand.

5

The last issue is whether the court's 60% disability award is supported by substantial evidence. In determining claimant's disability under §§ 39-71-705, -708, MCA (1985), the court must consider the claimant's age, education, work experience, pain and disability, actual wage loss, and loss of future earning capacity. Holton v. F. H. Stoltze Land and Lumber Co. (1981), 195 Mont. 263, 266, 637 P.2d 10, 12. The record shows that the court properly considered and discussed all the required factors in determining claimant's 60% disability award under §§ 39-71-705, -708, MCA (1985).

It is well established that permanent partial disability benefits under §§ 39-71-705, -708, MCA (1985), indemnify the claimant for possible loss of future earning capacity. McDanold v. B.N. Transport, Inc. (1984), 208 Mont. 470, 476, 679 P.2d 1188, 1191. The court, in its Order on Remand, discussed all the required disability factors and it was apparent from this discussion that the court properly regarded claimant's "earning capacity impairment" as the primary concern in calculating the permanent partial disability award under §§ 39-71-705, -708, MCA (1985).

In its Order on Remand, the court analyzed actual wage loss. The court stated that although claimant's actual wage loss was approximately 35% "his likely wage loss is more than 35 percent." The court also considered how claimant's limited work experience might adversely impact his future earning capacity:

> At the time of the injury, claimant was earning $5.35 per hour and the entry-level pay

6

> for the light-duty jobs [which] he is now
> capable of earning [is] the minimum wage of
> $3.80 to $4.50 per hour. This Court concludes
> that with his work experience limited to heavy
> labor jobs he can no longer perform, his
> possible future earning capacity will be
> decreased substantially.

The court also noted that the economic impact of one's injuries can be reduced by one's learning skills and education. "Unfortunately, the claimant has a limited education and learning skills . . . " which translates to an adverse impact on his future earning capacity. The court next analyzed how age was pertinent to possible future loss of earning capacity:

> [T]he longer the person is on the labor market
> the more economic losses he will suffer, all
> other factors being equal. However, a younger
> individual who can be retrained or has
> transferable skills will be able to ameliorate
> some of his post-injury earning losses in the
> long run through additional training.

The court concluded that claimant's future loss of earning capacity would substantially increase for his remaining 35 years of expected employment. The court based this conclusion on the fact that claimant was approximately thirty years old with limited transferable skills.

As for pain and disability, the court noted how these factors would affect claimant's future loss of earning capacity:

> [A] man who is injured has limited physical
> abilities and will have a harder time
> competing than an uninjured individual. He
> may have difficulty in retaining employment in
> bad times, or in getting new employment, if he
> has an occasion to change jobs.

The court then considered the facts that (1) claimant's injury was to his low back; (2) this injury caused claimant continual pain;

7

(3) this pain removed him from employment in heavy to medium-labor positions; (4) claimant cannot lift more than twenty-five pounds; (5) he cannot remain in any one position for any appreciable length of time; and (6) must avoid twisting, bending and repetitive lifting activities. Based on these facts and considerations the court concluded that "claimant's continuing pain will make his future loss of earning capacity substantial."

The record shows that the court separately considered and discussed each disability factor in making its disability award. The court discussed how each factor, as a function of the facts specific to claimant's situation, impacted claimant's earning capacity. The court, based on this discussion, concluded that each and every disability factor had an overall negative impact on claimant's future loss of earning capacity and awarded claimant a 60% disability rating. We find no error. We hold that substantial evidence supports the court's 60% permanent partial disability award.

The last matter concerns attorney's fees. In Carroll at 157, 783 P.2d at 391, we remanded this cause to the lower court for a proper determination of claimant's attorney's fees under § 39-71-611, MCA (1985), after finding that appellant denied claimant compensation. However, appellant filed its notice of appeal to this Court before the lower court on remand ruled on costs and appropriate attorney's fees. As such, we again remand to the Workers' Compensation Court for a determination of costs and attorney's fees, including those incurred on appeal, in accordance

8

with this opinion and its prior companion opinion.

The Workers' Compensation Court in all other respects is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Justice Fred J. Weber specially concurs as follows:

I can understand the confusion on the part of the appellants in this case. In rereading Carroll v. Wells Fargo (1989), 240 Mont. 151, 783 P.2d 387, the basic question appeared to be whether or not there was an appropriate justification for the 35% permanent partial disability award. There was nothing to indicate at that time that such award might not be high enough. The concern expressed was whether or not all of the appropriate factors had been considered. It was not unreasonable for the appellants to assume that the issue was whether or not the 35% was properly justified.

As pointed out in the majority opinion, the Workers' Compensation Court reviewed all of the appropriate factors and then awarded an increased 60% permanent partial disability award. Under these circumstances, our power of review is quite limited. I therefore accept the affirming of the 60% award.

However, I believe the Workers' Compensation Court failed to properly consider the fundamental issue before it. When studying the two opinions, it is not possible to determine why the original award was 35% and the next 60%, all on the same facts. If the Workers' Compensation Court failed to consider certain factors and as a result concluded that an increase was appropriate, it should have so stated. As it is, it is in some degree contradictory to go through the same factors which previously should have been considered, and come out with an entirely different award without any explanation of the reason for the distinction. I would have

10

preferred a remand to the Workers' Compensation Court for an explanation of the distinctions between the two awards.

_____
Justice