JUSTICE WEBER
specially concurring:
I can understand the confusion on the part of the appellants in this case. In rereading Carroll v. Wells Fargo (1989), 240 Mont. 151, 783 P.2d 387, the basic question appeared to be whether or not there was an appropriate justification for the 35% permanent partial disability award. There was nothing to indicate at that time that such award might not be high enough. The concern expressed was whether or not all of the appropriate factors had been considered. It was not unreasonable for the appellants to assume that the issue was whether or not the 35% was properly justified.
As pointed out in the majority opinion, the Workers’ Compensation Court reviewed all of the appropriate factors and then awarded an increased 60% permanent partial disability award. Under these circumstances, our power of review is quite limited. I therefore accept the affirming of the 60% award.
However, I believe the Workers’ Compensation Court failed to properly consider the fundamental issue before it. When studying the two opinions, it is not possible to determine why the original award was 35% and the next 60%, all on the same facts. If the Workers’ Compensation Court failed to consider certain factors and as a result concluded that an increase was appropriate, it should have so stated. As it is, it is in some degree contradictory to go through the same factors which previously should have been considered, and come out with an entirely different award without any explanation of the reason for the distinction. I would have preferred a remand to the Workers’ Compensation Court for an explanation of the distinctions between the two awards.